**In re Waldemar Gotthelf ZIRPEL and Lillian Esther Zirpel.**

**ZIRPEL**

**v.**

**FIRST BANK OF SOUTH DAKOTA, CORSICA BRANCH.**

Bankruptcy No. 482–00293.
Adv. No. 482–0411.

United States Bankruptcy Court, D. South Dakota.

Oct. 7, 1985.

Wesley D. Schmidt, Hopewell & Schmidt, Sioux Falls, S.D., for Plaintiffs Waldemar Gotthelf Zirpel and Lillian Esther Zirpel.

Stuart L. Tiede, Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, S.D., for defendant First Bank of South Dakota, Corsica Branch.

PEDER K. ECKER, Bankruptcy Judge.

This case is before the Court on motions by the debtors to reopen Adversary Proceeding No. 482–0411 and to vacate the judgment entered in that adversary proceeding by the Court on May 26, 1983. A hearing on both motions was held on June 27, 1985. The Court took the motions under advisement, and both parties submitted briefs.

■ Because of the unusual circumstances involved with the Court's retaining jurisdiction over the adversary after dismissal of the main case, the Court will grant the motion by Debtors to reopen the adversary proceeding to consider the motion to vacate judgment. The facts, in summary, are these. The debtors filed for Chapter 11 relief on October 19, 1982. Three days later, the debtors filed a complaint for the use of cash collateral. The affected secured creditor was First Bank of South Dakota, Corsica Branch. After lengthy negotiations on this issue, the parties entered into a stipulation and judgment on May 26, 1983. Under the terms of the stipulation and judgment, the debtors were allowed to sell approximately $100,000 worth of personal property secured to First Bank and to use the cash collateral proceeds. In exchange, the debtors granted a lien to the bank on all of their real property, which was to be liquidated by a certain date. The agreement further provided that if the debtors failed to liquidate by that date, First Bank could execute on the judgment, with the debtors' right of redemption limited to thirty days. The debtors voluntarily entered into the stipulation and judg-

ment, raised no objections prior to approval by the Court, and took no appeal.

Subsequently, the debtors failed to liquidate the property by the agreed-upon date. On February 4, 1985, the Court dismissed the debtors' bankruptcy case but retained limited jurisdiction to enable First Bank to enforce its judgment. After execution and levy, the property was sold at auction on April 16, 1985. The sale was confirmed by the Bankruptcy Court on April 30, 1985.

The debtors now seek relief from the judgment under Rule 60(b) of the Federal Rules of Civil Procedure, claiming that the judgment is void because it shortens by agreement the statutory redemption period provided for under S.D.C.L. § 21–52–11; and that, because the bankruptcy case was dismissed, the judgment should have no effect. The issue to be decided by the Court is whether the debtors have met the required burden for relief under Rule 60 of showing by clear and convincing evidence that the judgment is void or should not be enforced.

■ Once an order or judgment of the court becomes final, the only remedy available to have it set aside is under Rule 60 of the Federal Rules of Civil Procedure. Rule 9024 of the Federal Rules of Bankruptcy Procedure makes Rule 60 applicable to bankruptcy cases. Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding [if] ... (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60 relief is inappropriate when circumstances have so changed that prejudice will result. *Metro Property Management Co. v. Information Dialogues, Inc.*, 662 F.2d 475, 477 (8th Cir.1981). Likewise, re-

lief under Rule 60 is not available when used to avoid the consequences of a party's decision to forego an appeal. *Hoffman v. Celebrezze,* 405 F.2d 833 (8th Cir.1969); *In re Astroglass Boat Co., Inc.,* 32 B.R. 538 (Bkrtcy.M.D.Tenn.1983).

In the instant case, the debtors have failed to demonstrate any Rule 60 grounds for relief. First, the debtors were not denied due process of law. Due process requires that interested parties be given notice of the proceeding, reasonably calculated under all the circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections. *In re Rice,* 42 B.R. 838, 845 (Bkrtcy.D.S.D.1984); *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950). The debtors in this case were given notice and the opportunity to be heard. They voiced no objections; rather, they participated in the lengthy negotiations preceding the entry of the stipulation and judgment and voluntarily signed the documents. In addition, they were represented by counsel; they took no appeal; and they clearly benefited from the stipulation by being allowed the use of cash collateral. Even after they had failed to liquidate the property according to the agreement, the debtors had notice of the bank's execution, levy, and subsequent auction of the property. They raised no objection until the process was completed and they were unable to redeem the property in the thirty days allowed under the agreement. Rule 60 relief is inappropriate under these circumstances.

Second, the judgment is not void because it limits the redemption period to thirty days. There is no constitutional right to redemption. Any redemption rights are creatures of statute. As a general rule, rights granted by statute may be waived unless the statute is intended to protect the general rights of the public rather than the individual. 28 Am.Jur.2d *Estoppel and Waiver* § 164. Although South Dakota law provides for a one-year period of redemption following sale, execution, or foreclosure, S.D.C.L. § 21–52–11, there is no statutory prohibition against waiving or altering that right. Indeed, from what this Court has observed, the practice of waiving or altering redemption rights is quite common. *See In re Engstrom,* 33 B.R. 369, 372 (Bkrtcy.D.S.D. 1983); *also, see generally,* 28 Am.Jur.2d *Estoppel and Waiver* § 165. The debtors do not allege that their agreement with regard to the thirty-day redemption period was not knowingly made. Even constitutional rights may be waived if the waiver is an informed and voluntary one. *See, e.g., Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1964); *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Rule 60 is not intended to provide parties with an "escape hatch" when they dislike the consequences of their voluntary actions.

Third, the debtors claim that the enforcement of the stipulation and judgment is inequitable in light of the dismissal of their bankruptcy case. The Court cannot agree; in fact, the opposite is true. The debtors have already obtained the benefit of the bargain they made with the bank—the use of the cash collateral. To deny the bank its benefit—the foreclosure with the limited redemption period—would be patently unfair. The debtors' motion for Rule 60 relief is denied in all respects.

Accordingly, based on the foregoing, counsel for the bank is directed to submit findings of fact and conclusions of law, not inconsistent with this letter decision, pursuant to Bankr.R.P. 7052 and F.R.Civ.P. 52, and draft an appropriate order and judgment in accordance with Bankr.R.P. 9021.