**In the Matter of Jimmy Utter LOWE, and Donna Sue Lowe, and Lowe Farms, Inc., Debtors.**

**Bankruptcy No. 86–00372–SJ–11.**

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

June 12, 1987.

Douglas L. Winchester, Buffalo, Mo., for debtors.

ORDER DIRECTING DOUGLAS L. WINCHESTER, FORMER COUNSEL FOR DEBTORS, TO RESTORE ALL ATTORNEY'S FEES COLLECTED BY HIM FROM DEBTORS TO THE DEBTORS WITHIN 25 DAYS OF THE DATE OF FILING OF THIS ORDER

DENNIS J. STEWART, Chief Judge.

The files and records in this chapter 11 case show that it was effectively dis-

missed on February 13, 1987. This came as a result of a conditional order of dismissal which had been entered on February 13, 1987 to the following effect:

"In accordance with the oral agreement of all parties appearing for the hearing of February 13, 1987, in St. Joseph, Missouri. it is hereby

"ORDERED that the within chapter 11 proceedings be, and they are hereby, dismissed subject to reinstatement upon the filing by the debtors of an amended plan within 10 days of February 13, 1987, which fairly treats unsecured and undersecured creditors and to which the creditors Travelers Insurance Company and Central Production Credit Association have agreed or upon the filing, within the same ten days, by debtors of a motion to convert to chapter 7."

The hearing on which that order was based had been held to determine the pending motion to dismiss which was in part predicated on allegations of unjustifiable delay in the processing of the case toward confirmation.[1]

Counsel for the debtors, furthermore, did not timely meet the conditions which he had agreed to in that hearing. Rather than file the amended plan with the signatures of the parties whose assent was necessary within 10 days, as he had agreed, he instead filed a motion to alter, amend or vacate the conditional dismissal to which he had previously agreed. The court denied that motion on April 9, 1987, observing that it constituted an attempt only further to delay proceedings which had already been unconscionably delayed.[2]

These facts, which are conclusively established by the files and records in the case, demonstrate that the dismissal came as the direct result of the failure of the debtors' counsel to fulfill his promises timely to submit an amended plan after he had initially delayed in processing the case toward confirmation.[3] As the result of the dismissal of the within chapter 11 proceedings, the debtors received less than they would have received in a chapter 7 case, namely a discharge in bankruptcy. The minimal fee permitted to counsel in a chapter 7 case is awarded on the assumption that a discharge in bankruptcy has been or will be granted. When, as the result of the failures of counsel, not even a discharge in bankruptcy has been granted, it is difficult if not impossible to imagine circumstances under which the efforts of counsel merit any award of fees.

▮▮▮ The court has the inescapable duty to determine the reasonableness of attorney's fees awards and to exact forfeitures in cases such as this in which the facts clearly demonstrate such forfeitures to be appropriate. See *Matter of Rutherford*, 54 B.R. 784 (Bkrtcy.W.D.Mo.1985); *Matter of Piper*, 52 B.R. 600 (Bkrtcy.W.D. Mo.1985). This duty must be performed even after dismissal of the case, for the court retains jurisdiction to determine the distribution of funds which remain *in custodia legis*, as do attorney's fee awards[4],

---

**1.** The pending motion to dismiss was filed by the creditor Central Production Credit Association. As pertinent, it contained allegations of "[u]nreasonable delay by debtors in their bankruptcies." The files and records in the case show that it has been filed on December 8, 1986, and that no confirmable plan had ever been filed.

**2.** "On February 13, 1987, in open court, in St. Joseph, Missouri, the debtors, through counsel, agreed with counsel for the Creditors Travelers Insurance Company and Central Production Credit Association to the dismissal of the case within 10 days of February 13, 1987, unless, *within that ten days,* the debtors filed 'an amended plan … which fairly treats unsecured and undersecured creditors and to which the creditors Travelers Insurance Company and Central Production Credit Association have agreed.' Within the ten-day period thus specified, the debtors did not file any amended plan, but rather filed a motion for reconsideration of the former order based on the agreement of the parties. But the former agreement was clear in its granting only ten days. The court, under such circumstances, is bound by the clear agreement of the parties. The debtors did not meet the terms to which they had agreed and the court therefore has no alternative except to treat the case as dissmissed."

**3.** See notes 1 and 2 *supra*.

**4.** Attorney's fees awards, by reason of the attorneys' being officers of the court and subject to the court's disciplinary powers, continue to be *in custodia legis* even after the termination of a

both on the basis or recognized jurisdictional principles and also on the basis of the court's well-established duty and power to regulate the practice of counsel before it.[5]

In accordance with the foregoing facts and principles, it is hereby

ORDERED that, within 25 days of the date of the filing of this order, or within such additional time as the court may grant for good cause shown in writing within the same 25 days, Douglas L. Winchester, Esquire, restore all fees collected by him from the debtors to their custody and right and certify to the court in writing that he has done so.

See also, Bkrtcy., 70 B.R. 295.

---

case in which they have been awarded or collected.

5. "The principle is firmly established that the judicial branch of the government, acting through the courts, has exclusive jurisdiction to admit, control and disbar attorneys." *Feldman v. State Board of Law Examiners*, 438 F.2d 699, 702 (8th Cir.1971). "Lawyers are officers of the court and the courts have a duty to supervise their conduct." *Saier v. State Bar of Michigan*, 293 F.2d 756, 760 (6th Cir.1961), cert. denied, 368 U.S. 947, 82 S.Ct. 388, 7 L.Ed.2d 343 (1962). "[E]ven after an action has been dismissed, the court has jurisdiction to determine the disposition of funds held in custodia legis ..." 20 Am.Jur.2d *Courts* § 147, n. 6, p. 495 (2d ed. 1965).