CLARK, Chief Judge:
 

 Lucy Cimo appeals from the district court’s holding that the automatic rejection provisions in 11 U.S.C. § 365(d)(4) do not apply to leases of apartment buildings. We dismiss the appeal.
 

 I.
 

 On September 17, 1985 Terry Don Petty filed a voluntary petition for discharge in bankruptcy in the United States Bankruptcy Court for the Eastern District of Louisiana. Petty’s listed assets included a lease of rental apartments owned by Lucy Cimo. Cimo moved to invoke the automatic rejection provisions of 11 U.S.C. § 365(d)(4). Cimo contended that the apartment com
 
 *655
 
 plex lease was covered by § 365(d)(4). She requested that the bankruptcy court declare the lease had been rejected and requested that the court order Petty to surrender the premises to her.
 

 Petty subsequently moved to dismiss the entire bankruptcy proceeding. Cimo opposed the motion to dismiss and urged the court to grant her § 365(d)(4) motion. After a hearing on June 26, 1986, the court granted Petty’s motion to dismiss. An order dismissing the proceeding was entered on July 2, 1986. An order denying Cimo’s § 365(d)(4) motion was subsequently entered on July 16, 1986. This order, however, had been signed on June 26,1986, the day of the hearing on the motion to dismiss. Cimo appealed both the dismissal and the denial of her § 365(d)(4) motion to the district court.
 

 The district court dismissed Cimo’s appeal of the bankruptcy court's dismissal as unreviewable pursuant to 11 U.S.C. § 305(c), but heard Cimo’s appeal with respect to the § 365(d)(4) motion. The district court held that § 365(d)(4) did not apply to leases of apartment buildings.
 

 Cimo now appeals only the district court’s ruling concerning the applicability of § 365(d)(4).
 

 II.
 

 The bankruptcy court had no jurisdiction in this proceeding on July 16, 1986 when it entered the order denying Cimo’s motion under § 365(d)(4) because the court had previously entered an order dismissing the case on July 2,1986. Rule 9021 states that a judgment becomes effective when it is entered. Fed.R.Bank.P. 9021. Rule 9021 is derived from Rule 58 of the Federal Rules of Civil Procedure.
 
 [1]
 
 Advisory Notes to Rule 9021. The Supreme Court has admonished courts to apply Rule 58 “mechanically.”
 
 United States v. Indrelunas,
 
 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). The mechanical application of this rule helps avoid the uncertainty over the effective dates of judgments.
 
 Taylor v. Sterrett,
 
 527 F.2d 856 (5th Cir.1976).
 

 Title 11 U.S.C. § 349 describes the effect of dismissal in a bankruptcy case. Subsection (b)(3) states that a dismissal “revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.” Congress designed § 349(b) to “undo the bankruptcy case,” restoring property rights to their pre-cause status. S.Rep. No. 95-989, 95th Cong. 2d Sess. 48-49 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5835.
 

 The dismissal of Petty’s bankruptcy petition, which was effective on July 2, 1986 when the order of dismissal was entered, terminated the bankruptcy court’s jurisdiction over the case. The dismissal of the action effectively mooted Cimo’s pending § 365(d)(4) motion. Therefore, the bankruptcy court lacked jurisdiction to enter the July 16, 1986 order which attempted to deny Cimo’s § 365(d)(4) motion. Not only is this result mandated by Rule 9021, but also it would be inconsistent with the language and express purpose of § 349(b), by which Congress sought to restore property rights to their pre-action status, if we were to allow the § 365(d)(4) motion to alter property rights after the dismissal.
 

 The appeal is
 

 DISMISSED.
 

 [1]
 

 . On August 1, 1987 Rule 9021 was amended to explicitly incorporate Rule 58.