**In re TIM WARGO & SONS, INC.**

**Bankruptcy No. PB 88–333 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

April 20, 1989.

David Nixon, Fayetteville, Ark., for debtors.

Billy J. Hubbell, Crossett, Ark., for Equitable Life Assurance Society of the U.S.

Gerald Coleman, West Memphis, Ark., for Metropolitan Life Ins. Co.

Charles Tucker, Asst. U.S. Atty., Little Rock, Ark.

Q. Byrum Hurst, Hot Springs, Ark., for Mankin Farms.

## ORDER

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court are Motions to Dismiss the debtor's Chapter 11 petition filed by The Equitable Life Assurance Society of The United States ("Equitable") and Metropolitan Life Insurance Company ("Metropolitan"), creditors in these proceedings. Mankin Farms, Inc. ("Mankin"), purchaser at a foreclosure sale of one of the debtor's tracts of land, also filed a Motion to Dismiss. These matters came on for hearing January 12, 1989.

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. Moreover, the Court finds that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in 28 U.S.C. § 157(b)(2)(G).

In this case, the debtor and each of the creditors agreed to submit stipulated facts and briefs for the Court to consider in deciding the issues. The debtor has had two previous bankruptcy petitions filed in this district since 1985. In order to fully decide the issues, a history of the debtor's bankruptcy record and financial history is necessary.

On February 6, 1970, the debtor issued a promissory note to Metropolitan for $16,000.00 secured by a mortgage on real property in Desha County, Arkansas. Six years later, the debtor issued a promissory note to Equitable for $163,000.00 secured by a deed of trust on another tract of real property in Desha County, Arkansas. All deeds were properly and timely recorded.

After a period of time, the debtor developed financial difficulties and payments on the Equitable note began to fall into arrears. On March 12, 1985, the debtor filed its first Chapter 11 bankruptcy petition, case number PB 85–95 M. Operating reports for the period of March 1, 1985 through September 30, 1985 were filed with the Court only after a hearing and specific direction by the Court. On January 10, 1986, Equitable filed a Motion to Dismiss that case. The Court granted that Motion finding that the debtor "shows little interest in proposing a plan of reorganization and simply abuses the stay imposed by 11 U.S.C. § 362 while assets of the estate are consumed." The Court further held that such use of Chapter 11 for delay constitutes a lack of good faith which constitutes cause to dismiss the Chapter 11 petition. That Chapter 11 petition was dismissed on April 9, 1986.

On April 11, 1986, two days after the dismissal of the Chapter 11 petition, Equitable filed a Complaint in Desha County, Arkansas to foreclose on its deed of trust. Summary judgment and a foreclosure decree were obtained by Equitable on September 11, 1986. Following the decree, Equitable held a public sale of the property. Tim Wargo, Jr., an officer of the debtor corporation, was the highest bidder on the property with a bid of $300,000.00. The sale was held on October 13, 1986. Since Tim Wargo, Jr. was unable to post bond on the property purchased as required by the summary judgment and foreclosure decree, the Chancery Court of Desha County ordered a resale of the property. Another public sale was held on November 24, 1986, and the purchaser was Mankin Farms, Inc. for a price of $180,000.00. Mankin posted the required bond securing the purchase of the property.

Before the second sale was confirmed, however, the debtor, on December 22, 1986, filed its second bankruptcy petition, under Chapter 12, case number PB 86–474 M. A Motion to Dismiss the Chapter 12 petition was filed by Equitable on January 12, 1987.

After a hearing June 5, 1987, the Court granted Equitable's Motion to Dismiss because the debtor's corporation did not qualify for Chapter 12 relief pursuant to the Bankruptcy Code's definition of "family farmer" as required by 11 U.S.C. § 101(17)(B). On June 10, 1987, the debtor appealed the Bankruptcy Court decision to the District Court.

On May 16, 1988, the District Court affirmed the bankruptcy Court's decision. Subsequently, the debtor filed an appeal of the District Court decision to the Eighth Circuit Court of Appeals. The debtor filed a Motion for Stay Pending Appeal of the District Court's decision on June 10, 1988. The District Court granted this Motion upon certain conditions; namely, (1) the debtor pay in full all interest that had accrued to date; (2) the debtor pay all delinquent taxes and taxes currently due; and (3) the debtor post bond, surety, or cash for $35,100.00. The debtor was able to pay the taxes and interest, however, posted a defective bond and was unable to properly cure the defect. On August 30, 1988, on oral motion to the District Court, the debtor withdrew its Motion for Stay Pending Appeal. That same day, a report of the sale of the property purchased by Mankin Farms, Inc. was filed in Desha County.

On August 31, 1988 an Order was entered in Desha County by the Chancellor confirming the sale of the debtor's property to Mankin Farms, Inc. at 2:30 p.m. and a Commissioner's Deed was issued on the property at the same time. Prior to these events, however, and apparently unbeknownst to its creditors and the state court, the debtor, at 11:49 a.m., filed its third bankruptcy petition, a second Chapter 11 petition. Equitable again filed a Motion to Dismiss this new petition on November 15, 1988. Motions to Dismiss were also filed by Metropolitan on November 30, 1988 and Mankin on December 14, 1988. These Motions are now before the Court for consideration.

In their briefs, the creditors propose several grounds as bases for granting their Motions to Dismiss. They contend that the debtor's third bankruptcy petition is an attempt to circumvent the Orders of the District Court removing the stay pending appeal. The creditors also assert that this latest bankruptcy petition is simply an attempt to further delay the legal rights of the creditors and maintain control over the property. They assert that the Chapter 11 petition was filed simply for the purpose of invoking the 11 U.S.C. § 362 automatic stay when the debtor was unable to meet the conditions of the District Court's Order granting a stay of the dismissal of the Chapter 12 case pending appeal to the Eighth Circuit. Also, the creditors contend that a debtor is not permitted to have two bankruptcy cases before the same court at the same time involving essentially the same debts. Their contention is that the appeal keeps the debtor's Chapter 12 case in Court and the new Chapter 11 case involves the same debts before the same Court at the same time. Lastly, the creditors contend that the debtor is manipulating the bankruptcy system and the filing of this case constitutes an abusive filing and a fraud upon the Court and its integrity.

The debtor counters these allegations with assertions that each of its bankruptcy cases have been filed in good faith and the debtor has always proceeded in good faith. The debtor says it believes it has never been found guilty of proceeding in bad faith and if such is so any such actions would have been the fault of counsel. The debtor alleges that Equitable slept on its rights in the more than 180 day interim between the dismissal of the first Chapter 11 petition and the filing of its Chapter 12 petition. The debtor also states that Equitable and Metropolitan are fully secured by liens on the property, the payment of taxes and interest by the debtor, the depositing of $12,000.00 with the District Court and periodic cash payments. Additionally, the debtor states the Chapter 12 appeal is not moot until the debtor obtains a confirmed plan or reorganization and/or a discharge under another chapter of bankruptcy. The debtor contends that it has several plans which it could propose in good faith in the Chapter 11 case. By filing its Chapter 11 case, the debtor contends it was

simply pursuing an option available to it when it filed its Chapter 12 petition. Lastly, the debtor contends Mankin has no standing to bring the Motion in the debtor's case as Mankin is not a creditor of the debtor.

Since the briefing schedule ended on these Motions the Court set a hearing because the Eighth Circuit Court of Appeals reached a decision with regard to the issues raised by the debtor in the dismissal of its Chapter 12 petition. On March 14, 1989 in Slip Op. No. 88–1949 the District Court decision affirming the bankruptcy court's dismissal of the debtor's case was also affirmed, 869 F.2d 1128 (8th Cir.1989). Thus, many of the arguments raised in the briefs submitted by the parties are essentially rendered moot. The Court, after reviewing arguments of counsel, and after a hearing held April 18, 1989 concludes that it can go forward and decide the issue of whether this pending Chapter 11 case should be dismissed because this filing constitutes an abuse of the bankruptcy system by the debtor.

■ The creditors cite the Court to the debtor's successive filings in support of its Motions for dismissal of this third bankruptcy petition. They note particularly the previous Order of Hon. James G. Mixon dismissing the debtor's first Chapter 11 case. The debtor contends that it is proceeding in good faith and that the dismissal of its previous Chapter 11 was the "fault of counsel." Further, the debtor asserts that "it has several plans of reorganization which it could submit in good faith." (pg. 10 of debtor's brief)

Initially, the Court rejects debtor's argument that the dismissal of its first Chapter 11 can be excused as the "fault of counsel." It has long been recognized that a petitioner voluntarily chooses its attorney as its representative in a case and it cannot "avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation in which each party is deemed bound by the acts of his lawyer-agent ..." *Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) quoting *Smith v. Ayer,* 101 U.S. 320, 326, 25 L.Ed. 955 (1879).

■ The Court does find, however, from a review of all the stipulations, briefs and documents before it that much valuable time has been expended on technicalities essentially avoiding a hearing on the merits of whether the debtor can propose a confirmable plan of reorganization. It says it can submit "several" plans but doesn't elaborate. Even though the Court believes that something more than a bald assertion that "it has several plans of reorganization which it could submit" is needed to overcome a Motion to Dismiss such as the one filed, it also concludes that a dismissal at this point would not be in the best interests of judicial economy and should be denied without prejudice and upon certain conditions as follows:

(1) The debtor shall file a disclosure statement and proposed plan of reorganization within thirty (30) days of entry of this Order.

(2) The debtor shall confirm its Chapter 11 plan of reorganization no later than ninety (90) days from entry of this Order.

(3) The debtor shall continue to timely file monthly operating reports during pendency of these proceedings.

(4) If the debtor fails to timely perform any one of the conditions as hereinabove set out, this Chapter 11 case may be dismissed with prejudice after notice and a hearing to be set by the Court.

Accordingly, it is hereby

ORDERED that the Motions to Dismiss are denied without prejudice and upon the conditions as hereinabove set out.

IT IS SO ORDERED.