**In re TENNESSEE VALLEY CENTER FOR MINORITY ECONOMIC DEVELOPMENT, INC., Debtor.**

**Bankruptcy No. 89–21834–K.**

United States Bankruptcy Court,
W.D. Tennessee, W.D.

May 22, 1989.

---

Harold D. Archibald, Memphis, Tenn., for debtor.

Jimmy L. Croom, Office of the U.S. Trustee, Memphis, Tenn.

## MEMORANDUM RE DEBTOR'S ATTORNEY'S RETAINER FEE

DAVID S. KENNEDY, Chief Judge.

■ On April 27, 1989, this court dismissed the instant Chapter 11 case, but retained jurisdiction to determine whether or not the debtor's attorney should be required to restore the unearned portion of the pre-petition retainer fee.[1]

On March 9, 1989, the debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Prior to the filing of the Chapter 11 petition, the debtor's attorney received a $5,000.00 retainer fee "for services rendered or to be rendered in contemplation of or in connection with this case".[2]

Debtor's attorney maintains, inter alia, that:

"...the question of attorney fees should be controlled exclusively by the contract between the parties when a bankruptcy case is voluntarily dismissed or the debtor acquiesces to the dismissal. Neither the U.S. Trustee nor the creditors have by this contractual agreement in any way been adversely affected. In the instant case for the Court to get involved in this matter would basically alter the contract between the attorney and the debtor while no other interested parties have been impaired.

"The applicant would maintain that the Court's venture into setting fees in a case when no creditor's interest is at stake and the Court has no interest, would be an unwarranted interference in a contractual relationship and an unnecessary intrusion into an attorney-client relationship."

■ Under the Bankruptcy Code, as under prior law, compensation of the attorney for the debtor is scrutinized more closely than the compensation of other officers and professional persons. 2 *Collier On Bankruptcy*, ¶ 329.01, p. 329–1 and 2 (15th ed). The rationale for such scrutiny is clearly stated in the House Report. H.R.Rep. No. 595, 95th Cong., 1st Sess. 329 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 39 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. See also *In re Wood & Henderson*, 210 U.S. 246, 253, 28 S.Ct. 621, 624–25, 52 L.Ed. 1046 (1908).

---

1. As a general rule, the dismissal of the main case results in a dismissal of related proceedings; however, it is discretionary with the court. See, e.g., *In re Smith,* 866 F.2d 576, CCH Bankr. L.Rep. ¶ 72,640 (3rd Cir.1989); *In re Stardust Inn, Inc.,* 70 B.R. 888, 890 (Bankr.E.D.Pa.1987).

2. See "Attorney's Disclosure Statement" filed on March 23, 1989, pursuant to 11 U.S.C. § 329(a) and Bankr. Rule 2016(b).

Code § 329 is styled "Debtor's transactions with attorney" and provides in subsections (a) and (b) as follows:

"(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, or such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

"(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment to the extent excessive, to—

"(1) the estate, if the property transferred—

"(A) would have been property of the estate; or

"(B) was to be paid by or on behalf of the debtor under a plan under Chapter 11, 12 or 13 of this title; or

"(2) the entity that made such payment."

Bankr. Rule 2017 [3] is styled "Examination Of Debtor's Transactions with Debtor's Attorney" and provides as follows:

"(a) Payment or Transfer to Attorney Before Commencement of Case. On motion by any party in interest or on the court's own initative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor, to an attorney for services rendered or to be rendered is excessive.

"(b) Payment or Transfer to Attorney After Commencement of Case. On motion by the debtor or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement thereto, by the debtor to an attorney after the commencement of a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case."

■ "[T]hese provisions [§ 329 and Bankr.Rule 2017] furnish the court with express power to review payment to attorneys...." *In re Martin*, 817 F.2d 175, 180 (1st Cir.1987). See also *In re Walters*, 868 F.2d 665 (4th Cir.1989). Moreover, the court has the inescapable duty to determine the reasonableness of attorney's fees awards. See, e.g., *In re Lowe*, 97 B.R. 547 (Bankr.W.D.Mo.1987); *In re Rutherford*, 54 B.R. 784 (Bankr.W.D.Mo.1985); *In re Piper*, 52 B.R. 600 (Bankr.W.D.Mo.1985). As was stated in *In re Lowe*, supra, 97 B.R. at 548, this duty must be performed even after dismissal of the case, for the court retains jurisdiction to determine such matters.

■ Based on all the foregoing, the court finds without further elaboration that the arguments of the debtor's attorney are simply and completely unpersuasive and concludes that the debtor's attorney should be required to restore any unearned portion of the retainer to the debtor notwithstanding the prior case dismissal. See *In re Broady*, 92 B.R. 389 (Bankr.W.D.Mo. 1988). An appropriate order will be entered.[4]

---

**3.** This rule is derived from § 60d of the former Bankruptcy Act and former Bankr. Rule 220 and implements § 329 of the Bankruptcy Code.

**4.** The actual amount of the award of compensation of the debtor's attorney will be dealt with in a separate order.