**In re TIM WARGO & SONS, INC.**

**Bankruptcy No. PB 88–333 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Oct. 16, 1989.

---

David Nixon, Fayetteville, Ark., for debtor.

Billy Hubbell, Crossett, Ark., for Equitable Life Assur. Soc.

Gerald Coleman, West Memphis, Ark., for Metropolitan Life Ins. Co.

Charles Tucker, Asst. U.S. Atty.

## ORDER DISMISSING CHAPTER 11 CASE WITH PREJUDICE

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is a Motion to Dismiss this Chapter 11 case with Prejudice filed by the Equitable Life Assurance Society of the United States ("Equitable"). A Motion to Extend Time to Confirm a Chapter 11 Plan of Reorganization was also filed by the debtor July 24, 1989. The matters came on for hearing August 14, 1989. David Nixon, Esq., appeared on behalf of the debtor. No personal representative of the debtor corporation appeared. Billy J. Hubbell, Esq., appeared on behalf of Equitable.

After hearing statements of counsel and reviewing the files and records in this case the Court concludes that the case should be dismissed with prejudice. Dismissal of the case renders moot the debtor's request to extend the time to confirm a Chapter 11 plan of reorganization.

This Court has jurisdiction pursuant to 28 U.S.C. § 1334. Moreover, the Court finds that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in 28 U.S.C. § 157(b)(2)(G).

This Court's previous Order of April 24, 1989 denying this creditor's first Motion to Dismiss this case is relevant to this current proceeding and is published at 99 B.R. 922." Therein, the Court recited the lengthy history of this case. The Court also conditioned the denial of the first Motion to Dismiss upon certain conditions.

A review of the files and records lodged with the Court also reveals the following relevant docket entries after the Court denied the first Motion to Dismiss:

5–5–89   Debtor's Amended Comparative Balance Sheets–February, 1989 filed (monthly operating report)

5–24–89   Disclosure Statement filed

5–24–89   Plan of Reorganization filed

6–2–89   Motion to Dismiss with Prejudice filed by Equitable

6–5–89   Motion to Dismiss with Prejudice filed by Metropolitan Life Insurance Company

6-6-89 Notice of hearing on July 6, 1989 on Approval of Adequacy of the Disclosure Statement sent by debtor

6-14-89 Notice of hearing on July 6, 1989 of two Motions to Dismiss filed 6-2-89 and 6-5-89

6-16-89 Motion to withdraw Motion to Dismiss filed by Metropolitan, granted 6-19-89

6-30-89 Debtor's Comparative Balance Sheets for period March, April, and May, 1989.

6-30-89 Debtor's Application for approval of employment of Attorneys, firm of Arens and Alexander

7-3-89 Order authorizing employment of attorneys for debtor

7-6-89 Hearing on (1) Adequacy of Disclosure Statement, (2) Objections filed by U.S. Trustee, and (3) Motion to Dismiss filed by Equitable. (Adequacy of Disclosure Statement approved subject to inclusion of information requested in U.S. Trustee's Objection. Motion to Dismiss filed by Equitable withdrawn.)

7-17-89 First Amended and Restated Disclosure Statement filed by debtor.

7-24-89 Motion by debtor to Extend time to confirm Chapter 11 plan.

7-26-89 Ch. 11 Monthly Operating Reports for December, 1988 to June, 1989

8-1-89 Motion to Dismiss with Prejudice filed by Equitable

8-14-89 Hearing on Motion to Dismiss with Prejudice filed by Equitable

The history of this debtor prior to the filing of this third bankruptcy case as well as the docket entries since the creditors' initial Motions to Dismiss were considered by the Court in reaching a determination to dismiss this Chapter 11 case with prejudice. The following additional history is also important.

This third bankruptcy case was filed August 31, 1988 less than three hours before the debtor knew a previously held foreclosure sale would result in entry of a final decree and order approving the commissioner's sale in state court. From August 31, 1988 to April 24, 1989 the debtor and its creditors expended their energies on the Motions to Dismiss this third case. The

files reveal that the debtor failed to timely apply to hire counsel and have that application approved by the Court. Rule 2014(a) of the Rules of Bankruptcy Procedure. *In re Crook*, 62 B.R. 937, 939 (Bkrtcy.D.Or. 1986). In fact, no application was filed until January 30, 1989, some ten months after the case was filed.

The files also reveal that the debtor did not file its first monthly operating report (comparative balance sheet) until January 11, 1989. This report covered the period from the filing to December 31, 1988. This report was subsequently amended January 31, 1989. On April 11, 1989 an operating report was filed which included the previous report plus additional monthly operating reports for January and February of 1989. On June 30, 1989 the debtor filed monthly operating reports which included March, April, and May of 1989. A final operating report was filed July 20, 1986 which included the June, 1989 operating report. This review reveals that the debtor did not comply with the Court's April 24, 1989 Order or with the rules of the bankruptcy court requiring that monthly operating reports be timely filed. The first report by the debtor was not filed until four months after the case was filed, the second report three months later, and the third report also almost three months later. It is noteworthy that this lax attitude about complying with this requirement was also present in the debtor's first Chapter 11 case.

The Court's April 24, 1989 Order denying the multiple Motions to Dismiss was conditional. One of those conditions was that the debtor timely file monthly operating reports. This was not done. In fact, no financial information on the debtor was filed after the Court entered its Order until June 30, 1989, six days before a second Motion to Dismiss by Equitable was set for hearing.

The debtor filed a disclosure statement and plan of reorganization on May 24, 1989 exactly 30 days after the Court's Order denying upon conditions the creditors' first Motions to Dismiss. Filing of the disclosure statement and plan within 30 days of

the date of that Order was one of the conditions. The file reveals that the Chapter 11 debtor did not send to the creditors copies of the disclosure statement and plan along with Notice of a hearing date on the adequacy of the disclosure statement until June 5, 1989.

The hearing on the adequacy of the disclosure statement was held July 6, 1989. On that date Equitable inexplicably withdrew its Motion to Dismiss. The United States Trustee filed an Objection to the adequacy of the disclosure statement. The Court, at the hearing, sustained the U.S. Trustee's objections, but by agreement of the parties approved the adequacy of the disclosure statement subject to inclusion of those few additional items requested by the U.S. Trustee.

The Court also noted at that hearing that its April 24, 1989 Order denying the first Motions to Dismiss was conditioned upon the debtor confirming its Chapter 11 plan of reorganization no later than ninety (90) days from entry of the Order, or July 24, 1989, just eighteen days away. The debtor did nothing further until July 17, 1989, when it filed a First Amended Disclosure Statement. Then July 24, 1989 the debtor filed a Motion to Extend Time to Confirm Chapter 11 Plan of Reorganization. In support of its request the debtor asserted the following:

1. On April 18, 1989, in open Court, this Court announced its Order denying Motions to Dismiss of the Equitable Life Assurance Society of the United States and the Metropolitan Life Insurance Company ("Equitable" and "Metropolitan", respectively). At that time, the Court stated that Wargo would have ninety (90) days from the date of hearing on the Disclosure Statement in which to obtain confirmation of its Plan.

2. The Court's Order referred to above was entered on April 24, 1989 ... The Court's written Order provided that the disclosure statement be filed within thirty (30) days of entry of the written Order and that confirmation take place within ninety (90) days of *entry* of the Order,

*not* ninety (90) days after filing of the disclosure statement and plan.

3. On May 23, 1989, counsel for Wargo sent an original disclosure statement and plan of reorganization bearing counsel's signature via overnight courier to the Court Clerk's office in Little Rock ... On the morning May 24, 1989, Tim Wargo, Jr., drove to Little Rock to the Court Clerk's Office to meet that delivery, add his signature to the documents, and file the same with the Court Clerk. The documents were not timely delivered by the overnight courier, however, and duplicate original documents were signed by counsel and sent via telecopier to Little Rock. Mr. Wargo picked up the telecopied documents, added his signature to them, and filed them with the Court Clerk on May 24, 1989.

4. On May 25, 1989, the undersigned obtained a hearing date for approval of the disclosure statement from the Court. The hearing was set for July 6, 1989, at 9:30 a.m. The next preceding hearing date for the Court in Pine Bluff was early in June, 1989, and the next two following docket dates for the Court in Pine Bluff were August 3, 1989, and September 7, 1989.

5. Using the twenty-five (25) day notice of hearing required by Bankruptcy Rule 2002(b), plus three (3) days where notice is by mail as required by Bankruptcy Rule 9006(f), Wargo would have had to have filed its plan and disclosure statement in substantially fewer than the thirty days directed in the hearing of April 18, 1989, in order to have been able to have given notice of hearing for Pine Bluff for June, 1989 and thereby meet the ninety (90) day requirement of the Court's written Order.

6. Given the Court's calendar and the requirement of twenty-eight (28) days' notice for hearing, it would have been possible for Wargo to comply with the Court's Order as announced on April 18, 1989, but *nearly impossible* to comply with the Court's written Order of April 24, 1989. [emphasis added]

Even though, as earlier noted, the Court dismissed the case with prejudice at the

hearing held on Equitable's third Motion to Dismiss rendering moot the debtor's Motion for Extension of Time, the Court believes it is necessary to its decision to dismiss this case with prejudice to comment on the debtor's assertions in this Motion, which was filed on the last day the debtor should have had a plan confirmed pursuant to the conditions set out in the April 24, 1989 Order.

The debtor contends, in support of its Motion, that the Court's final written Order of April 24, 1989 differed from its oral rulings from the bench at the hearing held April 18, 1989. Presumably the debtor believes this difference entitles it to some consideration even though the debtor did not, upon receiving the Order, properly or timely request an amendment to the Court's Order. It is well settled that a court's oral rulings are "not operative on utterance." *In re Rebeor*, 89 B.R. 314, 320 (Bkrtcy.N.D.N.Y.1988).

The debtor argues that the Court's April 24, 1989 Order, as well as its calendar for the Pine Bluff Division, made it "nearly impossible" for the debtor to comply. It is noteworthy that the debtor does not argue that it was impossible. This argument, of course, could also have been made immediately after the Order was entered on the docket by the Clerk, but it was not raised until the last day of the final deadline placed on the debtor. This argument seems to be based upon an assumption that the disclosure statement and plan could not have been filed by the debtor until the thirtieth day after the Order was entered. The debtor had to comply with this condition "within thirty (30) days". The reason for this provision was simply that if the debtor failed to comply with this condition the case could have been quickly dismissed with prejudice after thirty (30) days rendering the remaining conditions moot.

The Court's regularly scheduled dates for the Pine Bluff Division after the April 24, 1989 Order were May 18, 1989, June 13, 1989 and July 6, 1989. Rule 2002(b) of the Rules of Bankruptcy Procedure requires twenty-five (25) days notice for the hearing on the adequacy of the disclosure statement. Reading this requirement strictly, a setting for the hearing on June 13, 1989 was entirely possible if the debtor had filed its disclosure statement and plan before the last possible moment. Additionally, although Rule 2002(b) of the Rules of Bankruptcy Procedure provides that twenty-five (25) days notice shall be given for the hearing to consider the adequacy of the disclosure statement or confirmation of the plan, Rule 9006(c)(1) of the Rules of Bankruptcy Procedure provides that the court, for cause shown, may in its discretion with or without Motion or Notice order the period reduced. There are certain time limits which clearly cannot be reduced under these Rules but these time limits are not included. Rule 9006(c)(2).

Since the debtor has presumably been attempting ˜reorganization efforts since March 12, 1985 and even advised the Court February 1, 1989 in its Response to the creditors' first Motions to Dismiss that it had several possible plans to propose, it is incomprehensible why the debtor chose to wait until the eleventh hour to file its disclosure statement and plan as well as the Motion to Extend the deadline.

The Court can only conclude that this argument, like most of the four year history of the debtor's actions or inactions, is indicative of the debtor's continuing pattern of delay, abuse of the bankruptcy system, inattention and negligence. The debtor has time after time failed to comply with the Court's Orders, the Rules of Bankruptcy Procedure, and it simply no longer qualifies for any additional leniency. The Court made this clear to the debtor when it provided one last opportunity on April 24, 1989 for the debtor to finally do what it has claimed it could do since March of 1985, propose a plan to pay its creditors. Time was of the essence. The debtor has run out of time.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that this Chapter 11 case be dismissed with prejudice.

IT IS SO ORDERED.