**In re TIM WARGO & SONS, INC.**

**TIM WARGO & SONS, INC., Plaintiff,**

**v.**

**MANKIN FARMS, INC. an Arkansas Corporation, Defendant,**

**The Equitable Life Assurance Society of the United States, Intervenor.**

**Nos. AP 89–5005, PB 88–333 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Nov. 21, 1989.

Terry Zelinski, Fayetteville, Ark., for debtor.

Renee Williams and Q. Byrum Hurst, Hot Springs, Ark., for Mankin Farms.

Billy Hubbell, Crossett, Ark., for Equitable Life Assur.

## ORDER DISMISSING ADVERSARY PROCEEDING

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court for review is the file in the above referenced adversary proceeding. This proceeding is related to a now dismissed Chapter 11 proceeding. This Court's Order dismissing this case with prejudice is published at 107 B.R. 622.

The Defendant has specifically requested dismissal of this adversary proceeding citing the dismissal of the debtor's bankruptcy case. The Court, therefore, initially considers whether it may retain jurisdiction over a related matter after termination of the bankruptcy case.

As a general rule, the dismissal of a bankruptcy case should result in the dismissal of "related proceedings" because the Court's jurisdiction of the latter depends, in the first instance, upon the nexus between the underlying bankruptcy case and the related proceedings. *In re Smith,* 866 F.2d 576, 580 (3rd Cir.1989). Although most bankruptcy courts have dismissed related proceedings after termination of the bankruptcy case a question may remain whether the court may exercise its discretion to retain jurisdiction over the related claims. *In re Tennessee Valley Center for Economic Development, Inc.,* 99 B.R. 845 (Bkrtcy.W.D.Tenn.1989); *Uncommon Carrier Corp. v. Oglesby,* 98 B.R. 751 (Bkrtcy.S.D.Miss.1989); *In re Cuascut,* 91 B.R. 13 (Bkrtcy.E.D.Pa.1988); *In re Lerch,* 85 B.R. 491 (Bkrtcy.N.D.Ill.1988); *In re Stardust Inn, Inc.,* 70 B.R. 888 (Bkrtcy.E.D.Pa.1987); *In re Zirpel,* 53 B.R. 422 (Bkrtcy.1985); *In re Funket,* 27 B.R. 640 (Bkrtcy.M.D.Pa.1982); and *In re Pocklington,* 21 B.R. 199 (Bkrtcy.S.D.Ca.1982). See, also, 11 U.S.C. § 349 which provides as follows:

Effect of Dismissal.

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the

debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(f) of this title.

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

(1) reinstates—

(A) any proceeding or custodianship superseded under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C) any lien voided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

The Third Circuit in the *Smith* case was persuaded that a bankruptcy court could properly retain jurisdiction if retention is in the best interests of judicial economy, taking into consideration fairness and convenience to the litigants and the degree of difficulty of the related legal issues involved.

Even if this bankruptcy court found that it has the discretion to retain jurisdiction over a related proceeding after termination of a bankruptcy case, it does not find that there are any factors regarding this particular case which would persuade the Court to retain jurisdiction. The Court has previously, in a lengthy opinion entered October 16, 1989 107 B.R. 622, outlined the reasons why the Chapter 11 case was dismissed with prejudice. This dismissal Order was not appealed.

The Court specifically found that this debtor, for some four years, had embarked on a course of conduct exhibiting delay, abuse of the bankruptcy system, inattention and negligence. The debtor did not do what it claimed it could do for that time period; propose a plan to pay its creditors. In this pending "related proceeding" the debtor attempts to recover real property and an accounting from a third-party and asks this Court to hold that party in contempt of the automatic stay provisions of the Bankruptcy Code. Wargo asserted in its Complaint that the property held by Mankin was "necessary to an effective reorganization of Wargo and is property Wargo could use or lease and Wargo is entitled to an Order of this Court directing Mankin to turn over this property to the estate." Given the incredible history of this debtor's abuse of the bankruptcy system, a finding made by two bankruptcy judges, and the dismissal of this last bankruptcy case with prejudice, its argument in support of the relief requested is without merit.

Judicial economy and fairness demand that the Court refrain from exercising the discretion it may have to retain and hear this related proceeding. Dismissal of this adversary proceeding is proper after termination of this last attempt by the debtor to thwart the efforts of its creditors to collect debts now at least five years past due. The debtor's attempts post-dismissal of its case, to keep this adversary proceeding active, are simply unwarranted under the circumstances. The bankruptcy court has found that the debtor has repeatedly abused the system. To retain jurisdiction over a "related proceeding" which premised its prayer for relief upon an allegation that the property subject of the matter was necessary to an effective reorganization, would be ludicrous.

Accordingly, for the foregoing reason, it is hereby

ORDERED that this adversary proceeding be and hereby is dismissed.

IT IS SO ORDERED.