### In re FAIRWAY MISSIONARY BAPTIST CHURCH, Debtor.

**Bankruptcy No. 89–21415–D.**

United States Bankruptcy Court, W.D. Tennessee, W.D.

Sept. 17, 1991.

Irving Zeitlin, Memphis, Tenn.

ORDER DENYING "REQUEST FOR AND CERTIFICATION OF WRIT OF EXECUTION AND GARNISHMENT" FILED BY IRVING ZEITLIN, ESQUIRE COMBINED WITH NOTICE OF THE ENTRY THEREOF

BERNICE BOUIE DONALD, Bankruptcy Judge.

This proceeding arises out of a "Request For And Certification Of Writ Of Execution And Garnishment" filed by Irving Zeitlin, Esquire ("Mr. Zeitlin") seeking certain executable relief against the above-named debtor, Fairway Missionary Baptist Church ("Debtor").

By virtue of 28 U.S.C. § 157(b)(2)(A) and (O), this is a core proceeding.

The ultimate question for judicial determination here is whether after the dismissal of the above-captioned case Mr. Zeitlin can now utilize the provisions of Fed. R.Bankr.P. 7069 in aid of execution of a certain postpetition *claim* which he holds against the debtor. For the reasons to be mentioned hereinafter, the Court denies Mr. Zeitlin's post-case dismissal request for a writ of execution and garnishment against the debtor.

The relevant background facts are not in dispute and may be very briefly summarized as follows: In this chapter 11 case on November 6, 1990, the Court, pursuant to 11 U.S.C. § 331, authorized *interim* compensation in the amount of $8,223.00 to Mr. Zeitlin, the attorney for the debtor; on December 21, 1990, the Court denied confirmation of the debtor's plan; and on January 29, 1991, the Court dismissed the debtor's chapter 11 case. Subsequently, Mr. Zeitlin filed the "Request For And Certification Of Writ Of Execution And Garnishment" ("Request") seeking certain executable relief against the debtor whereupon a hearing on notice was scheduled and the matter was thereafter taken under submission.

11 U.S.C. § 349 addresses the effect of a case dismissal. As a general rule, the dismissal of a bankruptcy case should result in the concomitant dismissal of pending proceedings; however, it is discretionary with the Court. See, e.g., *In re Smith*, 866 F.2d 576 (3rd Cir.1989); *In re Stardust Inn, Inc.*, 70 B.R. 888, 890 (Bankr.E.D.Pa. 1987). In *In re Petty*, 848 F.2d 654 (5th Cir.1988), the Fifth Circuit Court of Appeals held that the dismissal of the bankruptcy case terminated the bankruptcy court's jurisdiction over the case and effectively mooted all pending motions. The bankruptcy court's case dismissal order may in an appropriate case expressly provide for retention of jurisdiction regarding particular proceedings. See, e.g., *In re Stardust Inn, Inc.*, supra; *In re Tennessee Valley Center for Minority Economic Development, Inc.*, 99 B.R. 845 (Bankr. W.D.Tenn.1989).

In this case the Court's January 29, 1991 case dismissal order did not expressly retain jurisdiction of pending or future proceedings. Accordingly, the Court, under the particular circumstances and on its own initiative, denies Mr. Zeitlin's request because the prior case dismissal effectively terminated this Court's jurisdiction over the debtor and its affairs. *In re Petty*, supra; 11 U.S.C. § 105(a). Additionally, the Court finds that Mr. Zeitlin's prior interim fee award pursuant to § 331 under these circumstances does not rise to the dignity or level of a money judgment (or final order) so as to trigger execution

under Fed.R.Bankr.P. 7069. He was merely an unpaid postpetition-pre-confirmation creditor of the debtor at the time of the dismissal of this chapter 11 case. He clearly does not at this time hold a money *judgment* against the debtor. Cf. Fed. R.Bankr.P. 7001(1).

An *interim* allowance of fees under § 331 is interlocutory in nature and cannot be appealed directly. See, e.g., *In re Callister*, 673 F.2d 305, 307 (10th Cir.1982). Fed.R.Bankr.P. 9001(7) provides that " '[j]udgment' means any appealable order". Fed.R.Bankr.P. 7069 provides that Fed.R.Civ.P. 69 applies in adversary proceedings. Fed.R.Bankr.P. 9014 provides that Rule 7069 applies in a contested matter in a case under the Bankruptcy Code not otherwise governed by the Federal Rules of Bankruptcy Procedure. Fed. R.Civ.P. 69 styled "Execution" provides that "[p]rocess to enforce a *judgment* for the payment of money shall be a writ of execution, unless the court directs otherwise".[1] (emphasis added.) Since Mr. Zeitlin does not hold a money judgment (or final order) against the debtor, he cannot under these circumstances utilize Rule 7069 to enforce his prior interim and interlocutory fee award pursuant to 11 U.S.C. § 331. His request is, inter alia, premature.

Since plan confirmation was denied and the case was subsequently dismissed, the Court never considered the reasonableness of Mr. Zeitlin's *final* compensation pursuant to 11 U.S.C. § 330.[2] Final compensation under § 330 is to be "reasonable". 11 U.S.C. § 503 addresses the allowance of administrative expenses. Compensation awarded to, e.g., attorneys under § *330* are allowable as administrative expenses pursuant to 11 U.S.C. § 503(b)(2). By virtue of 11 U.S.C. § 507(a)(1), the § 503(b) administrative expenses are given a statutory first priority in distribution. A chapter 11 plan must contain certain provisions which protect priority creditors (who have not expressly agreed to a particular treatment). First, administrative expenses must be paid in full in cash on the effective date of the plan (unless the holder of such claim agrees to a different treatment of such claim). 11 U.S.C. § 1129(a)(9)(A). In this case the Court, as noted, never ruled on or otherwise reviewed the reasonableness of Mr. Zeitlin's final fee award under § 330 since a final application was not filed and the case was dismissed prior to confirmation.

Mr. Zeitlin, as a holder of a claim against the debtor, may sue the debtor, if he desires to do so, in an appropriate non-bankruptcy forum seeking to obtain a money judgment and if successful, execution may thereafter issue through that court. The prior case dismissal statutorily dissolved the automatic stay. 11 U.S.C. § 362(c)(2)(B). It is observed that there are other unpaid creditors of the debtor in addition to Mr. Zeitlin.

■ Assuming arguendo that this Court has concurrent jurisdiction to consider Mr. Zeitlin's contemplated complaint for a money judgment against the debtor,[3] this Court, considering the totality of the particular facts and circumstances and applicable law, would nonetheless exercise permissive or discretionary abstention, sua sponte, and reiterate, inter alia, that this case has been previously dismissed without retention of jurisdiction regarding particular proceedings. 28 U.S.C. § 1334(c)(1); 11 U.S.C.

---

**1.** Compare Fed.R.Bankr.P. 9002(5) which provides as follows: " 'Judgment' includes any order appealable to an appellate court."

**2.** An interim fee allowance pursuant to 11 U.S.C. § 331 does not necessarily purport to measure the true value of the services in question. Until a case has been finally concluded, it is oftentimes difficult, if not impossible, to determine what the real value of any services rendered might be worth. Final compensation is governed by 11 U.S.C. § 330. 11 U.S.C. § 329(b) permits the court to, inter alia, order the return of compensation if the compensation exceeds the reasonable value of the services rendered. Arguably, the doctrines of res judicata and collateral estoppel should not apply to Mr. Zeitlin's interim fee award pursuant to 11 U.S.C. § 331; however, it is unnecessary for the Court in this proceeding to decide whether such doctrines would apply in a subsequent State court lawsuit between Mr. Zeitlin and the debtor.

**3.** See 28 U.S.C. §§ 1334(b) and 157(a) and (b).

§ 105(a); *Bellotti v. Baird*, 428 U.S. 132, 143, n. 10, 96 S.Ct. 2857, 2864, n. 10, 49 L.Ed.2d 844 (1976); *In re Petty*, supra. Simply stated, this is now a State court matter.

Based on the foregoing and the case record as a whole, Mr. Zeitlin's "Request For And Certification Of Writ Of Execution And Garnishment" is therefore denied without legal prejudice to him to seek to reduce his *claim*[4] against the debtor to a money judgment in the State court, if it is appropriate for him to do so.

The foregoing shall constitute the Court's findings of fact and conclusions of law in accordance with Fed.R.Bankr.P. 7052. Accordingly,

IT IS SO ORDERED AND NOTICE IS HEREBY GIVEN: