**In re FLEET SERVICE CORP., INC., Debtor.**

**Bankruptcy No. 90–12120–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 18, 1992.

B. Gray Gibbs, for debtor.

Robert B. Glenn, for Metro Group.

## ORDER ON DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING CHAPTER 11 CASE AND AMENDED ORDER OF DISMISSAL

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration, *ex parte* upon the Debtor's Motion for Reconsideration of Order Dismissing this Chapter 11 case. The Court has considered the Motion together with the record, and finds that the Motion is well taken and, should be granted for the following reasons:

On December 4, 1990 the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. During the pendency of this case, Fleet Service Corporation, Inc. (Debtor) filed an adversary proceeding styled *Fleet Service Corporation, vs. The Metro Group,* Adversary Proceeding Number 91–534 (Metro adversary). The Metro adversary involved allegations of preferential and fraudulent transfers, by the Debtor, and sought turnover of the properties involved, to the estate.

On January 27, 1992, this Court approved a Motion and authorized the Debtor to compromise the Metro adversary, and the case was closed shortly thereafter. On April 21, 1992, this Court entered the Order Dismissing Chapter 11 case. However, before the case was dismissed, the Debtor filed a Motion to Enforce Settlement Agreement and requested that this Court retain jurisdiction over the Metro adversary, notwithstanding the dismissal of this case.

The court's jurisdiction over a "related proceeding" depends upon the nexus between the underlying bankruptcy case and the related proceeding. Therefore, as a general rule, the dismissal of a bankruptcy case should result in the dismissal of related proceedings. *In re Smith,* 866 F.2d 576 (3rd Cir.1989); *In re Stardust Inn, Inc.,* 70 B.R. 888 (E.D.Pa. 1987). A bankruptcy court may exercise its discretion to retain jurisdiction over a related proceeding after the dismissal of the bankruptcy case. *In re Fairway Missionary Baptist Church,* 131 B.R. 407

(Bankr.W.D.Tenn.1991). In such instances, the court may consider a number of factors to determine if jurisdiction should be retained, including:

1) judicial economy;
2) fairness and convenience to the litigants;
3) the degree of difficulty of the related legal issues involved.

*In re Smith,* 866 F.2d at 580.

■ The underlying claims in the adversary proceeding were uniquely bankruptcy remedies created by the Code itself under Sections 547 and 548. These claims cannot be asserted outside of bankruptcy. While it is true that the ultimate merits of the Metro adversary were never resolved by judicial decision, the compromise agreed to by the parties was approved by this Court. Were this Court to decline to retain jurisdiction over the Metro adversary the Debtor would be deprived of not only its rights pursuant to the approved stipulation, but also its rights under the Bankruptcy Code. Furthermore, it would be unjust to permit the Defendant to take advantage of the dismissal of the Chapter 11 case. For this reason, the Debtor's Motion is granted. A final judgment will be entered in accordance with the approved compromise.

ORDERED, ADJUDGED and DECREED, that the Debtor's Motion for Reconsideration is hereby Granted.

DONE and ORDERED.