# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 95-10440
Summary Calendar

In the Matter of:  MICHAEL E. KREMPP; PAMELA J. KREMPP,

Debtors.

* * * * *

MICHAEL E. KREMPP; PAMELA
J. KREMPP,

Appellants,

versus

INTERNAL REVENUE SERVICE,

Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(3:94-CV-1957-P)

December 21, 1995

Before POLITZ, Chief Judge, KING and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael E. Krempp and Pamela J. Krempp, Chapter 13 debtors, appeal the judgment

of the bankruptcy court denying reconsideration of a motion for discharge.  On appeal to the

district court their appeal was dismissed.  Finding no basis for appellate jurisdiction, we do

---

[*]Local rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the Court has determined that this opinion should not be published.

likewise.

## Background

In February of 1994 the Krempps filed a motion for discharge from an outstanding federal tax liability in their proceedings for bankruptcy relief under Chapter13 of the Bankruptcy Code. The bankruptcy court denied this motion and the Kempps moved for reconsideration. The bankruptcy trustee filed a motion to dismiss the Krempps' Chapter 13 petition.

On August 17, 1994, after a hearing on both motions, the bankruptcy court announced its intention to deny the Krempps' motion for reconsideration and to dismiss the case. Two days later the Krempps filed a notice of appeal to the district court, stating that they were appealing "from the final judgment or order of the bankruptcy court which denied Debtor's Motion for Reconsideration on August 17, 1994." On August 23, 1994, the bankruptcy court entered a written order dismissing the Krempps' bankruptcy filing. The next day, August 24, 1994, the bankruptcy court entered another order denying the Krempps' motion for reconsideration.

The district court dismissed the Krempps' appeal under Fed.R.Bankr.P. 8002(b), finding it to have been prematurely filed, in anticipation of the August 24 order. The Krempps challenge that dismissal and press an appeal on the merits.

## Analysis

As both parties concede, the district court erred by dismissing the Krempps' appeal under Fed.R.Bankr.P. 8002(b). That rule clearly states that "[a] notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof." Thus, the notice of appeal was timely filed.

We nonetheless conclude that the district court was without jurisdiction to consider the appeal. The judgment appealed from, the denial of a motion for reconsideration, was entered on August 24, 1994. At that time the bankruptcy court had already entered an order dismissing the case. The order appealed was therefore null and void because the bankruptcy court was without jurisdiction to enter it and, consequently, the district court had no valid judgment over which to exercise its appellate jurisdiction.[1] Furthermore, due to the Krempps' decision not to appeal the dismissal of their case, that judgment is now final; thus, the issues raised by the current appeal are moot.[2] Because the Krempps have presented no valid basis for invoking our appellate jurisdiction,[3] we must dismiss this appeal and assess the Krempps with all costs.

APPEAL DISMISSED.

---

[1] Fed.R.Bankr.P. 9021; Fed.R.Civ.P. 58; **In re Petty**, 848 F.2d 654 (5th Cir.), cert. denied, 488 U.S. 1009, 109 S.Ct. 794, 102 L.Ed.2d 785 (1989).

[2] See **Matter of Gilchrist**, 891 F.2d 559 (5th Cir. 1990). Contrary to the Krempps' suggestion, the notice of appeal for the denial of reconsideration does not, under these circumstances, relate back to the denial of the original motion. See **Matter of Colley**, 818 F.2d 443 (5th Cir.), cert. denied, 484 U.S. 898, 108 S.Ct. 234, 98 L.Ed.2d 193 (1987).

[3] **Matter of Koerner**, 800 F.2d 1358 (5th Cir. 1986) (describing parameters of this court's appellate jurisdiction over bankruptcy proceedings).