**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ramon SALAZAR–VILLARREAL,**
**Defendant–Appellant.**

No. 88–2625.

United States Court of Appeals,
Fifth Circuit.

April 21, 1989.

Roland E. Dahlin, II, Federal Public Defender, Thomas S. Berg, Asst. Federal Public Defender, Houston, Tex., Louis James Menendez, Asst. Federal Public Defender, Laredo, Tex., for defendant-appellant.

Paula Offenhauser, Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, RUBIN and DAVIS, Circuit Judges.

PER CURIAM:

Ramon Salazar–Villarreal pled guilty to one count of transporting illegal aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(B). The maximum penalty for this offense is five years imprisonment and a fine of $250,000. *Id.;* 18 U.S.C.

§ 3571(b)(1). The sentencing guidelines, however, set a sentencing range of only four to ten months if the defendant, like Salazar, has no criminal history. Salazar appeals his sentence to three years imprisonment and the assessment of $50 costs. Finding that the district court reasonably justified its departure from the sentencing guidelines, we affirm.

On March 24, 1988, at approximately 2:00 a.m., a Chevrolet Suburban containing approximately 24 persons passed through a checkpoint station near the United States/Mexican border. Law enforcement officers observed that the suburban was weaving and riding low in the rear. The officers signalled the vehicle to stop, but they were ignored. The suburban sped away, and a chase ensued. Two miles further, the suburban veered off the highway in an attempt to elude the officers, broke through a fence and brush, and crashed in a dry creek bed. One of the 24 passengers was killed. Five others required hospitalization.

Ramon Salazar–Villarreal was the driver of the suburban. He and his passengers were aliens, illegally present in this country. He was arrested and later indicted on four counts of transporting aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(B), and one count of illegal entry, in violation of 8 U.S.C. § 1325. He pled guilty to one count of transporting illegal aliens and was sentenced to three years in prison and assessed $50 costs. The maximum penalty for this crime is five years plus a fine of $250,000. Salazar challenges the severity of his sentence. He does not challenge the underlying conviction or seek to withdraw his plea.

Salazar's sentence is governed by the Sentence Reform Act and thus the sentencing guidelines. There is no dispute that the sentence imposed departs from the range set by the guidelines for this offense when committed by a person with no criminal history. The guidelines permit the sentencing court to impose a sentence outside the set range of 4 to 10 months applicable to Salazar's crime if the court finds "that an aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). The district court must state its reasons for the departure, and the sentence imposed must be reasonable in light of the articulated rationale. 18 U.S.C. § 3742(d), (e). *See also, United States v. Mejia–Orosco,* 867 F.2d 216, 219 (5th Cir. 1989).

The sentence imposed in this case is reasonable in light of the sentencing court's stated reason for departure—Salazar's reckless flight and the resulting death and injury which it caused. In imposing the stiffer sentence, the court stated:

> You were thinking of your own hide, you were thinking of saving yourself, and obviously didn't care what happened to your passengers. The fact that a lot of people do that and nobody gets hurt, it seems to me, doesn't mean that you're not responsible for killing one of your countrymen. I mean, I don't think we can blow that off by just saying, well, that's really bad.

> \* \* \* \* \* \*

> I hope you didn't have any intention to hurt anybody. But it just seems to me that that's what we call reckless conduct. As I say, if I get in a car, and I've got twenty-four people slapped in there like cattle, and I start crashing through ditches and fences at high speed, I know I'm going to hurt somebody. It's as simple as that. So it's a question that I guess you just don't really care or you have other high priorities, you have other things that you think are more important than whether you hurt your passengers or not.

> \* \* \* \* \* \*

> [The guidelines would] score [your crime] at a 9, but I have to tell you that that [doesn't] satisfactorily address[ ] this case. I think yours is a case where the guidelines just don't fit right and I think that we can't overlook what happened here, your reckless conduct causing injuries and a death. So I'm going to depart from the guidelines and impose a period of confinement of three years in your

case, and a supervised release term of three years, but I'm not going to fine you. I don't think you have any money. But I'll tax you with fifty dollars cost. The Sentencing Commission identified death and physical injury resulting from the defendant's crime as factors that could, in appropriate cases, justify an upward departure from the guideline range. Guidelines 5K2.1 and 5K2.2, policy statements. These policy statements direct the sentencing court to gauge both the extent of injury and the degree of the defendant's culpability. The court in this case made the appropriate determinations. It reasonably characterized the defendant's conduct as reckless and injurious. The sentence is reasonable in light of the circumstances of this action.

The judgment and sentence of the district court is

AFFIRMED.