**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Javier LOPEZ, Defendant–Appellant.**

No. 88–2765.

United States Court of Appeals, Fifth Circuit.

June 12, 1989.

Patrick J. McGuire, Corpus Christi, Tex. (Court-appointed), for defendant-appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, RUBIN and DAVIS, Circuit Judges.

CLARK, Chief Judge:

Javier Lopez pleaded guilty to one count of possessing an unregistered firearm, which had an altered serial number in violation of 26 U.S.C. § 5861(d). On appeal, he challenges only his sentence. Lopez contends that the sentencing court improperly departed from the sentencing guidelines. The court's stated reasons for departing from the guidelines were, in part, improper and otherwise not sufficiently articulated. We vacate the sentence and remand for resentencing.

Javier Lopez was stopped at a border patrol checkpoint when the agent on duty noticed that he appeared nervous and was evading direct questions. The agent directed Lopez to a secondary inspection point and asked if Lopez would open the trunk of his car. Lopez consented. Seven machineguns, four rifles, and six shotguns were stowed inside. A loaded .357 Magnum pistol was concealed between the front seats of the car. Lopez had no firearm licenses or proof of ownership for the weapons and was arrested. Later, it was discovered that Lopez was a convicted felon, not permitted to possess a firearm. *See* 18 U.S.C. § 922(g). In addition, none of the firearms were registered to Lopez, and the serial numbers had been altered on all 18 weapons. The machineguns matched the description of weapons recently reported stolen in Houston, Texas.

Lopez was indicted on five counts of possessing machineguns with altered serial numbers and not registered to him, in violation of 26 U.S.C. § 5861(d), and one count of possessing the 18 firearms despite having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Pursuant to a plea bargain with the United States Attorney, Lopez pleaded guilty to count one of the indictment covering knowing possession of an unregistered Thompson machinegun with an altered serial number in violation of 26 U.S.C. § 5861(d). The government in return agreed to dismiss the remaining counts and to remain silent at sentencing. The district court sentenced Lopez to eight years in prison.

Although the statutory maximum sentence for this crime is 10 years, 26 U.S.C. § 5871, the court's sentence departs from the range of punishment set by the sentencing guidelines. The sentencing guidelines provide for a base offense-level of 12 for possessing an unregistered weapon, plus a one-level increase because of the altered serial number. Guideline 2K2.2(a), (b)(1). The district court found that Lopez accepted responsibility for his crime and was thus entitled to a two-level reduction in the offense level, ultimately placing the offense at a level 11. *See id.* at 3E1.1. Lopez had an extensive criminal past, warranting the highest criminal history category of VI. Based on these factors, the guidelines set a range of 27 to 33 months imprisonment for Lopez's crime.

The district court intentionally and explicitly departed from the guidelines after having determined the applicable range of punishment under the guidelines as outlined above. The guidelines permit the sentencing court to impose a sentence outside the set range if the court finds "that an aggravating or mitigating circumstance exists that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). The court must also determine whether the seriousness of the defendant's offense conduct warrants a departure from the guidelines. Guidelines 1B1.2(b) and 1B1.3. This covers acts committed that are part of the same course of conduct as the offense of conviction, or that are relevant to defendant's state of mind in committing that offense or that indicate the degree of his dependence upon criminal activity for a livelihood. *Id.* at 1B1. "The district court must state its reasons for the departure, and the sentence imposed must be reasonable in light of the articulated rationale." *United States v. Salazar–Villarreal,* 872 F.2d 121 (5th Cir. 1989). *See also* 18 U.S.C. § 3742(e)(2).

In his statement of objections to the Presentence Report in the trial court, Lopez personally and by counsel acknowledged his knowing possession of all machineguns and 11 other firearms with which he was charged in the 6 counts of the indictment. He also admitted he was on parole from the State of Texas at the time of the offense. On appeal, Lopez challenges the severity of his sentence. He does not question the underlying conviction. Lopez argues that the eight year sentence is unreasonable and based on improper considerations.

The sentencing court's articulated rationale for departing from the guidelines in this case, and the resulting sentence, is unreasonable. The court stated two justifications for imposing a sentence above the range set by the guidelines—that the guidelines were "weak and ineffectual with respect to [Lopez's] crime" and that Lopez was addicted to heroin. The court stated at sentencing,

> The defendant is sentenced to eight years in the custody of the Attorney General. The statutory maximum in this case is ten years. The statutory maximum in this case involving all the firearms is a hundred-and-eighty years. Ten times eighteen is a hundred-and-eighty.

> The court departs from the guidelines in assessing this sentence for the following reasons: the guidelines themselves are weak and ineffectual with respect to this crime. It is apparent to the court that the calculations of the offense level, together with the criminal history category, does not reflect the conduct in which the Defendant Lopez engaged, nor does it reflect, most importantly in the court's view, the potential harm to the public. Not only are the weapons machine guns, but there were eight of them, together with ten other firearms in the hands of a multi-convicted defendant who had just immediately been released from prison, and a heroin addict besides.

> As I understand from my discussions with the probation officer this morning and my own understanding of the guidelines, even had there been a conviction of all eighteen firearms, individually item-

ized, that the guidelines would not be significantly different. The court believes that this defendant's conduct presents a bigger picture of harm to the public and bigger picture of criminality than ... does the breakdown of points awarded ... and offense level.

The court's expression of disfavor for the guidelines was particularly emphatic. The court stated at various time during the sentencing hearing,

> [T]he guideline absolutely gives away this offense ...

> . . . .

> I think the guidelines are wrong.

> . . . .

> Is this really happening? Are we having this discussion? I mean I can't believe that we have gotten down to sentencing persons on such fine lines. Here we have the picture of a man who's committed all these offenses and caught with eight machine guns and I'm worried about whether or not it should be a point or two. Is that what's significant in this sentencing?

> . . . .

> [This] diminish[es] the sentencing procedure because we are now plac[ing]—not angels on the head of a pin, but total offense level and criminal history points on the head of a pin. I can't follow, at this point, your argument. I don't know what you're talking about.

> . . . .

> [I]n my view, the guidelines are too weak.

■ A sentencing court's personal disagreement with the guidelines does not provide a reasonable basis for sentencing. The guidelines were formulated pursuant to a constitutional delegation of power by Congress, and the sentencing court is required to impose a sentence through application of the guidelines, unless there exists a valid basis for departure. 18 U.S.C. § 3553(b); *Mistretta v. United States*, —

U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). To the extent the sentence imposed was based on this reason for departure, the sentence was unreasonable.

■ This record does not disclose that Lopez's drug addiction provided a reasonable basis for imposing a sentence above the guideline range in this case. The guidelines admonish that drug dependence is not ordinarily relevant in determining whether a departure is warranted. Guideline 5H1.4. In this case, the court stated that Lopez's crime presented a greater degree of harm than could be rectified by a sentence within the guideline's sentencing range because he was "a multi-convicted defendant who had just immediately been released from prison, *and a heroin addict besides.*" This single statement does not sufficiently explain why Lopez's addiction is so extraordinary that a departure was justified. Without a more particularized rationale, we cannot gauge the reasonableness of this departure nor can we gauge the extent to which addiction justifies the sentence imposed.

■ Because we must remand for resentencing, our statutory mandate directs that we instruct the sentencing court as to the appropriateness of other potential grounds for departure. 18 U.S.C. § 3742(e)(2). The crime to which Lopez pleaded guilty and the relevant conduct he admitted in the trial court presented a unique potential for widespread harm. The dangerous arsenal of illegal firepower unlawfully reposing in the hands of a convicted felon then on parole almost certainly meant it was destined for nefarious use of the worst sort. Our holding today does not cabin the discretion vested in the district court to depart from the guidelines on remand.

The court stated that the sentencing guidelines did not adequately gauge the potential harm to the public presented by Lopez's crime, particularly because of the seven machineguns in his possession. However, the court did not reason its determination to depart from the guidelines in terms the guidelines authorize. In their General Application Principles the guidelines provide: "The court shall determine any applicable specific offense characteristic, victim-related adjustment, or departure from the guidelines attributable to offense conduct, according to the principles in § 1B1.3 (Relevant Conduct)." Section 1B1.2(b). The commentary to this section explains:

> Section 1B1.2(b) directs the court, once it has determined the applicable guideline under § 1B1.2(a) to determine ... any guideline departures attributable to the offense conduct Chapter Five, Part K, using a "relevant conduct" standard, as that standard is defined in § 1B1.3. In many instances, it will be appropriate that the court consider the actual conduct of the offender, even when such conduct does not constitute an element of the offense. As described above, this may occur when an offender stipulates certain facts in a plea agreement. It is more typically so when the court considers ... whether or not to depart from the guidelines for reasons relating to offense conduct. In such instances, the court should consider all conduct, circumstances, and injury relevant to the offense (as well as all relevant offender characteristics).

In section 1B1.3, "relevant conduct" is defined as acts or omissions which are part of the same course of conduct as the offense of conviction. Thus, the admissions contained in Lopez's objections to the Presentence Report could have allowed the sentencing court properly to take into account the various activities and firearms possessed by Lopez at the time he sought to come into the United States.

Finally, the General Provisions advise the sentencing court that the Sentencing Commission has not been able to fully take into account several pertinent factors and that courts may be warranted in departing from the guidelines if such factors are present to a degree substantially in excess of that which is ordinarily involved in the offense of conviction. Guideline 5K2.6 relates to the possession of a weapon in the commission of the offense. This factor also permits consideration of the dangerousness of the weapon. Guideline 5K2.9

permits the court to consider whether the defendant has committed the offense to facilitate another offense and allows an increase in sentence which would reflect the actual dangerousness of the defendant's conduct.

The guidelines that refer to Lopez's crime do not distinguish between different types of firearms. The relevant guidelines do make distinctions as to whether the firearm had been stolen or had an altered serial number, Guideline 2K2.2(b)(1); whether the firearm was a silencer, guideline 2K2.2(b)(2); and whether the weapon was possessed solely for sport, recreation or collection, § 2K2.2(b)(3). But, otherwise the guidelines treat possession of a machinegun the same as possession of a single-shot, small-bore rifle, or a handgun, or a hand grenade. The court might justify its departure by reasoning that the type of weapon in issue, a machinegun, was "an aggravating ... circumstance ... that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b).

██ At the sentencing hearing, the district court ruled that the loaded pistol concealed between the front seats of Lopez's vehicle was an aggravating factor that the court could consider in determining whether an upward departure was warranted. *See* Guideline 5K2.6. The court did not, however, list this as a reason for its later decision to depart. On remand, the court might wish to reconsider the relevance of this factor. Lopez argues that the record does not reflect that he ever intended or attempted to use the weapon and that Texas law permits a person to carry a handgun while traveling from county to county, Tex. Penal Code § 46.03 (Vernon 1989). Departures based on the defendant's use or possession of a weapon during the commission of the crime are directed by a specific guideline provision. Guideline 5K2.6. According to this provision, the weapon need not have been used, merely "possessed in the commission of the offense." *Id.* The fact that the pistol was not brandished or discharged is relevant to the decision to depart and to the degree of departure but

it is not dispositive. "The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others. The discharge of a firearm might warrant a substantial sentence increase." *Id.* The Texas statute permitting the carrying of firearms while travelling is not controlling. *United States v. Raborn*, 872 F.2d 589 (5th Cir.1989). Furthermore, this statute does not permit convicted felons to possess weapons. *See* 18 U.S.C. § 922(g).

Lopez also argues that a departure based on the possession of a weapon is not warranted in a weapons possession case. In Lopez's view, such a departure would be automatic and thus unreasonable. This guideline provision, however, is not made irrelevant because Lopez was convicted of illegally possessing a weapon, and not some other crime. Lopez's conviction was for possessing a machinegun found in the trunk of his car. The loaded pistol found between the front seats was carried in furtherance of that crime—possessing contraband. The fact that the contraband was a machinegun does not alter the fact that the existence of the loaded pistol increased the propensity for danger in Lopez's crime. We need not decide in this case whether a departure can be justified under this guideline provision if it is based solely upon the weapon that forms the predicate for a conviction for firearms possession.

The determination of the range of reasonable departures, if any, that is warranted by these factors is committed in the first instance to the sentencing court. On remand, the district court should reconsider the appropriateness of departing from the guidelines in the light of Lopez's admitted conduct as determined by that court, the guidelines themselves, and the instructions contained in this opinion.

Another and different approach to this situation was available to the trial court. The court could have refused to accept the plea agreement. Section 6B1.2(a) provides:

> In the case of a plea agreement that includes the dismissal of any charges ..., the court may accept the agreement

if the court determines, for reasons stated on the record, that the remaining charges adequately reflect the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing.

In the alternative, the judge could have required that the guilty plea contain a stipulation of the facts admitted by Lopez, that stipulation would specifically establish a more serious offense than the offense of conviction. In such a case, "the court shall apply the guideline in such chapter applicable to the stipulated offense." Section 1B1.2(a).

The sentence imposed is vacated and this cause is remanded.

VACATED AND REMANDED.

ALVIN B. RUBIN, Circuit Judge, concurring:

Although I agree that a machine gun is more dangerous than a single-shot, small-bore rifle, it seems to me that the guidelines do take the type of weapon adequately into consideration, for they do, at least to some extent, distinguish between weapon types, creating three different categories based on the type of weapon. Obviously the ultimate question in deciding if a circumstance was adequately considered [1] is whether we should read the factors mentioned by the guidelines narrowly and literally, increasing the latitude for departure, or whether we should restrict the scope of departure by reading what they consider more broadly. The congressional aim of achieving sentencing equality is, I think, better served by the latter course. Since my view affects only the instruction we give the district court, I concur in the judgment and join in the rest of the opinion.