917 F.2d 26
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick W. STEINMETZ, Defendant-Appellant.
 No. 90-1112.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 14, 1990.
Decided Oct. 30, 1990.
 
 1
 Before CUMMINGS and MANION, Circuit Judges, and GRANT, Senior District Judge*.
 
 ORDER
 
 2
 A three-count indictment was returned against defendant Frederick Steinmetz charging him with distributing cocaine to minors in violation of 21 U.S.C. Secs. 845 and 841(a)(1). The offenses occurred in September 1989. In November 1989, pursuant to a plea agreement, defendant pleaded guilty to Counts I and III of the indictment, and subsequently, upon motion of the government, Count II was dismissed. In January 1990, the court sentenced defendant to concurrent terms of five years on Counts I and III and ordered him to pay restitution in the amount of $410.
 
 
 3
 In the presentence report the probation officer arrived at a total base offense level of 10, Criminal History Category I, with a guideline range of 6-12 months. Consequently, without a departure the maximum sentence Judge Shabaz could impose under the old guidelines was 12 months' imprisonment. The presentence report noted that under the amended guidelines, not applicable to this offense, a 26 offense level with a range of 51-63 months would have been applicable because of the seriousness of the conduct.
 
 
 4
 In sentencing Steinmetz, the district judge noted that if the criminal conduct had occurred after November 1, 1989, the effective date of the amended guidelines, a sentence of 51-63 months would be justified. Because he thought that the original guidelines "failed to take into consideration the high degree of aggravating circumstances involved in the distribution of cocaine to juveniles," he said he was departing from the old guideline range and sentenced Steinmetz to five years' imprisonment just within the amended guideline range maximum.
 
 
 5
 The district judge stated he disagreed with the old guidelines and was departing from them on the basis that they were inadequate with respect to this offense. While the judge did refer to Steinmetz's egregious criminal conduct, the references were intertwined with the court's displeasure at the old guidelines as compared to their inapplicable replacement. Such a ground does not afford a reasonable basis for sentencing. United States v. Thomas, 906 F.2d 323, 327 (7th Cir.1990); United States v. Lopez, 875 F.2d 1124, 1127 (5th Cir.1989). The degree of departure from the old guidelines must adequately reflect the structure of those guidelines. United States v. Gaddy, 909 F.2d 196, 199 (7th Cir.1990). Here the sentencing was plainly influenced by the new guidelines. In fact, the five-year sentence was just under the maximum permitted by the new guideline range.
 
 
 6
 The case is remanded for resentencing in conformity with the principles of the guidelines in effect when these offenses occurred.
 
 
 
 *
 The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation