UNITED STATES of America,
Plaintiff–Appellee,

v.

Clemente S. HERNANDEZ,
Defendant–Appellant.

No. 91–2129
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 11, 1991.

Roland E. Dahlin, II, Federal Public Defender, Dola J. Young, Asst. Federal Public Defender, Houston, Tex., for defendant-appellant.

Laura H. Surovic, Paula Offenhauser, Asst. U.S. Attys., Brownsville, Tex., Ronald G. Woods, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GARWOOD, HIGGINBOTHAM, and BARKSDALE Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Clemente Hernandez appeals the district court's upward departure from the Sentencing Guidelines following his conviction for transporting undocumented aliens within the United States, in violation of 8 U.S.C. § 1324(a)(1)(B) and 18 U.S.C. § 2. He claims that it was unreasonable to make an upward departure based on the fact that he transported a "large number" of aliens when there has not been a determination of what constitutes a "large number". Because we find that the district court's departure was reasonable, we affirm Hernandez' sentence.

I

The probation officer who prepared Hernandez' Presentence Report established his base level offense at nine, with a downward adjustment of two levels for acceptance of responsibility, resulting in a total offense level of seven. *See* U.S.S.G.

§ 2L1.1(a); U.S.S.G. § 3E1.1(a). Hernandez' criminal history category was established at IV. *See* U.S.S.G. § 4A1.1. Based on an offense level of seven and a criminal history category of IV, the guideline imprisonment range for Hernandez was from eight to fourteen months, as per U.S.S.G., Chapter 5, Part A.

The probation officer who prepared Hernandez' Presentence Report also referred the court to U.S.S.G. § 2L1.1, Commentary, Application Note No. 8. This Note states that "[t]he Commission has not considered offenses involving large numbers of aliens or dangerous or inhumane treatment. An upward departure should be considered in those circumstances." The probation officer asserted that "[t]he number of aliens being transported in the instant case (21) is clearly significant to warrant a departure above the guidelines." Hernandez made no objection to the Presentence Report.

At sentencing, Hernandez conceded that the Presentence Report was correct in all respects and that 21 aliens were involved in this case. The district court subsequently sentenced Hernandez to twenty months of incarceration. The court explained this sentence to Hernandez as follows:

> The Court is going to depart from the guidelines and impose upon you an additional six months to the 14 months that are the maximum—that are the maximum number of months or period of time under the guidelines that can be assessed and imposed in your case. And the Court is going to adopt the justifications included in the report, but it is going to make specific reference to the fact that the departure is really reliant and dependent and caused by the fact that unquestionably there were 21 aliens involved in this case. And, hence, it is my judgment it does warrant departure.

## II

Review of sentences imposed under the guidelines is generally limited to a determination of whether the sentence was imposed in violation of law, as a result of incorrect application of the sentencing guidelines, or was outside the applicable guideline range and was unreasonable. 18 U.S.C. § 3742(d); *United States v. Goodman,* 914 F.2d 696, 697–98 (5th Cir.1990). A sentence imposed outside the range of the applicable sentencing guidelines will be reversed only if it is unreasonable. 18 U.S.C. § 3742(e)(2). A sentence imposed in violation of law or as a result of an incorrect application of the sentencing guidelines must be reversed even if it is reasonable. 18 U.S.C. § 3742(e)(1). Findings of fact that underlie the court's sentence are reviewed under a clearly erroneous standard. 18 U.S.C. § 3742(d). *See United States v. Mejia–Orosco,* 867 F.2d 216, 218 (5th Cir.), on rehearing, 868 F.2d 807, cert. denied, 492 U.S. 924, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989).

■ In the present case, it is somewhat difficult to characterize the alleged sentencing error. Hernandez does not claim that the large number of aliens involved is an impermissible ground for departure from the guidelines. This Court has repeatedly recognized that a large number of aliens is an appropriate basis for an upward departure. *See U.S. v. Lopez–Escobar,* 884 F.2d 170 (5th Cir.1989); *United States v. Velasquez–Mercado,* 872 F.2d 632 (5th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 187, 107 L.Ed.2d 142 (1989); *United States v. Salazar–Villarreal,* 872 F.2d 121 (5th Cir.1989). Nor does Hernandez actually assert that the court erred in finding as a factual matter that 21 is a "large number" of aliens. Indeed, such an assertion would be foreclosed by our recent decision that a district court "did not clearly err in determining that 17 aliens is a 'large' number." *See United States v. Ortiz–Hernandez,* 935 F.2d 1291 (5th Cir. 1991). Nor does Hernandez claim that the size of the upward departure—in this case an increase from fourteen months to twenty months—is unreasonable. We have upheld much larger upward departures in similar cases in the past. *See, e.g., Lopez–Escobar,* 884 F.2d at 173 (holding that an upward departure from two years to five years for illegally transporting thirty-five aliens was not unreasonable).

Rather, Hernandez claims that "without requiring the trial court to articulate how it decides what constitutes a large number of aliens, any sentence in which there has been an upward departure based simply on the number of aliens is unreasonable." Brief for Appellant at 9. It is unclear exactly how a court would go about articulating why a given number of aliens is a "large number." At any rate, the Guidelines do not impose such a requirement on a sentencing court. They simply require the sentencing court to state in open court the specific reason for the departure. 18 U.S.C. § 3553(c)(2); *see also Mejia–Orosco,* 867 F.2d at 221 ("[T]he judge must offer reasons explaining why the departure is justified in terms of the policies underlying the sentencing guidelines.") The legislative history of this provision warns against subjecting the statement of reasons "to such legalistic analysis that will make judges reluctant to sentence outside the guidelines when it is appropriate." S.Rep. No. 225, 98th Cong., 2d Sess. 80, reprinted in 1984 U.S.Code Cong. & Ad.News 3182, 3263.

The district court in this case clearly stated that the reason for the upward departure in Hernandez' sentence was the large number of aliens transported by the defendant. It is well settled that this is an acceptable reason for an upward departure. In fact, the Guidelines themselves state that "[a]n upward departure should be considered" for "offenses involving large numbers of aliens." U.S.S.G. § 2L1.1, Commentary, Application Note No. 8. This departure was therefore reasonable and clearly explained in accordance with the policies underlying the Guidelines. Nothing further is required.

The judgment and sentence of the district court is

AFFIRMED.