Jones v. University of Pittsburgh     CV-94-590-M     05/10/95
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


In re:  David A. Jones,
        Debtor.

David A. Jones,
        Appellant,

        v.                                        Civil No. 94-590-M

University of Pittsburgh;
Sheriff, Essex County, New Jersey;
Donald P. Garrity; E. Mark Noonan;
John J. Hurley; Nancy Regan;
Sterling P. Miller; Alison E. Miller;
George Saxion; Betty Saxion; Harry Saxion;
Lawrence P. Sumski, Chapter 13 Trustee;
Liberty Mutual Insurance Company;
Alfred E. Thomson III, d/b/a Thomson
Properties, d/b/a Atlas Self-Storage,
        Appellees.

Geraldine L. Karonis,
        Trustee.



                         O R D E R


     David A. Jones appeals from an order of the United States

Bankruptcy Court for the District of New Hampshire dismissing his

Chapter 13 petition.  The bankruptcy court (Vaughn, J.) dismissed

Jones's petition because, among other things, he failed to make

payments to the Chapter 13 trustee and filed his petition in bad

faith.  In his appeal, Jones identifies twelve (12) grounds upon

which the bankruptcy court's decision should be reversed.  For the reasons set forth below, the court affirms the bankruptcy court's order in all respects.

## Factual Background

On October 12, 1993, Jones filed a pro se petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §1301, et seq.  Approximately six weeks later, he filed his bankruptcy schedules, listing his occupation as attorney and professor at the University of Pittsburgh.  Jones represented that his total monthly income was in excess of $10,000.00.  Among other estate assets, Jones listed claims against Liberty Mutual Fire Insurance Company valued at $1.3 billion and against the University of Pittsburgh valued at $3.5 million.

Jones's original Chapter 13 plan provided for monthly payments to the trustee of approximately $1,300.00.  However, the plan provided that these monies were to be paid to the trustee directly from the University of Pittsburgh.  No payments were actually made.  Subsequently, on March 14, 1994, Jones filed an amended Chapter 13 plan, which provided for monthly payments to the trustee of only $10.00.

Beginning in July, 1994, Jones filed a series of six adversary proceedings in the bankruptcy court. On July 6, 1994, that court held an evidentiary hearing on the trustee's motion to dismiss the petition. By order dated September 1, 1994, the bankruptcy court dismissed the petition and Jones's pending adversary proceedings, without prejudice. After thoroughly addressing the pertinent facts and the controlling law, the bankruptcy court concluded that: (i) contrary to the representations set forth in his schedules, Jones was not a person with regular income; (ii) success of his Chapter 13 plan (as originally filed and as amended) depended entirely upon successful litigation of the claims against his former landlords, former employer, and insurance company; (iii) the filing of a series of Chapter 13 petitions by Jones and his wife suggested the absence of good faith; and (iv) Jones's Chapter 13 plan was actually filed in bad faith.

## Standard of Review

When appealed to a district court, a bankruptcy court's legal determinations are reviewed de novo. In re Gonic Realty Trust, 909 F.2d 624, 626-27 (1st Cir. 1990); In re G.S.F. Corp.,

3

938 F.2d 1467, 1474 (1st Cir. 1991).  Findings of fact, however, are accorded much greater deference.  This court will not disturb a bankruptcy court's factual findings unless they are clearly erroneous.  Briden v. Foley, 776 F.2d 379, 381 (1st Cir. 1985); Bankr. R. 8013.  A factual finding is clearly erroneous when, although there is evidence to support it, the reviewing court, after consideration of all evidence before it, is left with the definite and firm conviction that a mistake has been made.  In re McIntyre, 64 B.R. 27, 28 (D.N.H. 1986).

As the appellant, Jones bears the responsibility of providing this court with all transcripts necessary to address the issues raised on appeal.  Sanabria v. International Longshoremen's Ass'n, 597 F.2d 312, 313 (1st Cir. 1979); see also Bankr. R. 8006 ("If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its costs."); 9 Collier on Bankruptcy ¶8006.4 ("Decisions under the Appellate and Bankruptcy Rules have made it clear that the burden of presenting the court of appeals with an adequate record is squarely upon the

4

appellant.  Unless the record that is brought before the appellate court affirmatively shows the occurrence of the matters upon which the appellant relies for relief, the appellant may not urge those matters on appeal.").

Here, Jones has failed to provide a transcript of the July 6, 1994, hearing on the trustee's motion to dismiss his petition.[1]  Following that hearing, the bankruptcy court dismissed his petition.  That order of dismissal forms the basis of a substantial number of the issues Jones raises on appeal.  Nevertheless, Jones argues the record before the court is adequate.  The record consists of the parties' briefs, appendices, and a limited number of pleadings filed in the bankruptcy court.  See Reply Brief of Appellant, at 10 and 27.  Accordingly, to the extent possible the court will resolve the issues raised on the limited record before it.  In re Abijoe Realty Corp., 943 F.2d 121, 123-24 n.1 (1st Cir. 1991); Grimard v. Carlston, 567 F.2d 1171, 1173 (1st Cir. 1978).

---

[1]  The record suggests that Jones failed to pay the costs associated with preparing the transcript (or arrange with the court to have such costs waived).  See, e.g., Bankr. Document Nos. 66, 83, 93 (notices of fees due from Jones).  The docket does not contain any evidence that Jones ever paid those outstanding invoices.

**Discussion**

A.  <u>Failure of the Bankruptcy Judge to Recuse Himself</u>.

Jones argues that the judge presiding over his bankruptcy case should have recused himself, <u>sua</u> <u>sponte</u>, because of an alleged conflict of interest.  Relying upon an advertisement published by the law firm of Devine, Millimet & Branch ("Devine Millimet") in the 1994 NYNEX yellow pages, Jones claims that Judge Vaughn continues to practice law and represent clients of Devine Millimet.  Reply Brief of Appellant at 3.  Jones also claims that Liberty Mutual Fire Insurance Company, a defendant in one of the adversary proceedings filed by Jones, is a client of Devine Millimet.  Jones points to nothing in the record to support his claim[2] nor has he produced any independent evidence to substantiate his claim.  He merely relies upon his unsubstantiated assertions.

Because he claims Liberty Mutual is a client of Devine Millimet and because he argues that Judge Vaughn remains a partner in that firm, Jones concludes that Liberty mutual may

_____

[2]  Jones argues that he only recently discovered that Judge Vaughn was previously a member of Devine Millimet and that Devine Millimet allegedly represents (or once represented) Liberty Mutual.  Accordingly, he argues that he was unable to raise this issue in a timely fashion below.

6

still be a client of Judge Vaughn's, which, of course, would create a conflict of interest:

> These insurance carriers _may_ continue to be Judge Vaughn's _present_ clients, because he continues to list himself as a _member_ of Devine, Millimet and Branch, P.A. in the section on "attorneys' on page 365 of the current NYNEX 1994-1995 yellow pages telephone directory for the areas of Manchester/Derry, New Hampshire, longer than a full _year_ _after_ Judge Vaughn supposedly became a full-time Federal judge!

Reply Brief of Appellant at 3 (emphasis in original). Despite acknowledging that Judge Vaughn resigned from Devine Millimet before assuming the bench, Jones apparently still believes (or, more accurately, he still argues) that Judge Vaughn may continue to practice law.

Having failed to raise the issue of recusal below, Jones would ordinarily be barred from litigating it on appeal. See In re Abijoe Realty Corp., 943 F.2d 121, 126-27 (1st Cir. 1991) (holding that disqualification claim was waived where it was not raised below). "In the words of Judge Aldrich, 'a party, knowing of a ground for requesting disqualification, can not be permitted to wait and decide whether he likes subsequent treatment that he receives.'" Id. at 126 (quoting In re Shoe Machinery Corp., 276 F.2d 77, 79 (1st Cir. 1960) (applying 28 U.S.C. § 144)). See

7

also United States v. Devin, 918 F.2d 280, 294 n.11 (1st Cir. 1990) (noting that appellant's failure to move for judge's recusal below could constitute waiver of bias claim arising out of facts known prior to or during trial). But, Jones claims that the judge's alleged bias arose out of "facts" not known to him at the time his case was before the bankruptcy court. Under these circumstances, the court will, albeit briefly, address the merits of his argument.

Title 28, section 455, of the United States Code sets forth certain circumstances under which a federal judge should recuse himself or herself from presiding. Recusal is warranted when the impartiality of the court is reasonably suspect, when the court has a personal bias or prejudice regarding a party, or when the court has personal knowledge of the evidence. The test employed to determine whether the court's impartiality might reasonably be questioned is whether the claim of partiality is supported by facts which would create a reasonable doubt concerning the court's impartiality in the mind of a reasonable person. United States v. Cowden, 545 F.2d 257, 265 (1st Cir. 1976), cert. denied, 430 U.S. 909 (1977).

8

This record is completely devoid of any facts which might cause a reasonable person to question the impartiality of the bankruptcy judge. Other than his reference to the yellow pages advertisement, Jones has produced no evidence to support his claim that Judge Vaughn was, while presiding over Jones's petition, a member of the Devine Millimet law firm. Likewise, Jones has failed to support his claim that Liberty Mutual is actually a client of Devine Millimet or that Judge Vaughn continues to represent (or ever represented) Liberty Mutual.

Notwithstanding Jones's unsupported statements regarding the alleged conflict, the court concludes that the bankruptcy judge did not abuse his discretion in not recusing himself. Nothing in the record even remotely suggests that a reasonable person could question the impartiality of the bankruptcy court in this matter.

B.   <u>Denial of Appellant's Motion to Turn Over Funds</u>.

In his appellate briefs, Jones makes repeated reference to approximately $28,500.00 in cash, which he claims is wrongfully being held by the Sheriff of Essex County, New Jersey. The sparse record on appeal makes it somewhat difficult to ascertain

the basis for Jones's claims.[3]  Apparently, New Jersey creditors

of Jones's bankruptcy estate obtained an attachment against

certain funds owed, but not yet paid, to Jones.  Jones argues

that these funds were attached in violation of both New Jersey

and federal law.

There is little evidence supporting Jones's claim that the

bankruptcy court abused its discretion in denying his motion to

---

[3]  In his briefs, Jones makes reference to repeated requests
made to the bankruptcy court to turn over funds accumulating in
an "escrow account" held by the Essex County Sheriff.  See, e.g.,
Reply Brief of Appellant at 18.  After a careful review of the
record presented on appeal and the index of all pleadings filed
in the bankruptcy court, this court is unable to locate anything
which might shed light on this issue.  The record, at least as
presented to this court, simply fails to contain a single
reference to any motion seeking the release of these funds.  This
supports the United States Trustee's argument that:

> Again, Appellant has failed to put forth any evidence
> or references to the transcript or record below to
> establish that the Bankruptcy Court abused its
> discretion "by denying Appellant's timely Motion to
> Turn Over $22,000 in earnings to his family, etc."
> Appellant did not file a timely "Motion to Turn Over"
> but instead filed an Adversary Proceeding, Adv. No. 94-
> 1050MWV.  The Bankruptcy Court did not "deny" the
> "Motion to Turn Over" but dismissed the Adversary
> Proceeding **without prejudice**. . . . Moreover, there was
> no request to the Court to retain jurisdiction over the
> adversary proceedings even though the main case was
> ordered dismissed.

Reply Brief of the Appellee at 10 (emphasis in original).

10

turn over these funds.  In fact, as noted above, Jones has failed to provide the court with copies of (or, at a minimum, references to) such a motion.  Accordingly, Jones has failed to carry his burden of proof with regard to this issue.

C.    Dismissal of Jones's Chapter 13 Petition.

The core of Jones's appeal is his claim that the bankruptcy court abused its discretion when it dismissed his Chapter 13 petition.  The court based its order of dismissal on the following factual findings: first, Jones failed to make timely payments to the trustee under his Chapter 13 plan; second, success of Jones's bankruptcy reorganization depended entirely upon success in speculative litigation against numerous parties with whom Jones had longstanding disputes; and, third, Jones filed his bankruptcy petition in bad faith.  With regard to the first issue, the bankruptcy court held:

> Section 1307(c) of the Bankruptcy Code provides that, upon request from a party in interest or the United States Trustee, the Court may dismiss a case or convert a case under chapter 13 "for cause including --." Section 1307(c)(4) includes as a cause, "failure to commence making timely payments under §1326 of this title."  Section 1326 requires that the debtor, unless the Court orders otherwise, commence making payments within thirty days of the filing of the plan.  There has been no order of this Court extending that deadline.  The facts of this case support dismissal on

11

> this ground alone.  The debtor filed his original
> chapter 13 plan on October 12, 1993.  No payments were
> made under that plan and, in fact, the plan did not
> provide for payments.
> . . . The Court finds that the debtor has failed to
> make payments to the chapter 13 trustee required by
> section 1326, which, by itself, is grounds for
> dismissal.

Order of the Bankruptcy Court (September 1, 1994) at 6.  Again,
Jones points to no evidence in the record which supports his
claim that the bankruptcy court abused its discretion in making
these factual findings.  He does not dispute, for example, that
payments were not made to the trustee under his original Chapter
13 plan.

In support of its conclusion that he filed his petition in
bad faith, the court found that Jones was not an "individual with
regular income," as defined in section 101(30) of the Bankruptcy
Code.

> The debtor testified that his current income was
> insufficient to support [him] and his wife and their
> six minor children and fund the chapter 13 plan.  The
> only evidence of recent income was a temporary position
> at Clark University which has since concluded, and
> minor consulting fees.  The debtor provided no
> testimony at the July 6, 1994, hearing on either future
> jobs or future income other than that he was actively
> seeking employment and would have income if he
> ultimately prevailed in the various litigation he was
> pursuing.  The chapter 13 plan, as noted above, relies

12

> on successful litigation with the University of
> Pittsburgh to fund the plan, but as noted above, the
> University of Pittsburgh has filed a motion to dismiss
> based on the signed release by the debtor. The court
> finds that the debtor is not an individual with regular
> income.

Order of the Bankruptcy Court (September 1, 1994) at 8. Without the benefit of a transcript of the July 6 hearing, it is difficult for this court to identify any basis for concluding that the bankruptcy court abused its discretion in dismissing Jones's petition. Nevertheless, Jones makes several arguments in support of his claim that the bankruptcy court erred in that regard.

First, he claims that the disputed $28,500 held in escrow in New Jersey would have been sufficient to fund, at least in part, his Chapter 13 plan. Again, however, Jones fails to identify specific items in the record showing that the bankruptcy court was either aware of his claims to this money or, more importantly, that this money was (or should have been) available for payment to the trustee. Instead, Jones relies entirely upon unsupported, but aggressive conclusory statements in support of his claims, such as the assertion that, "absent a **corrupt state of mind**, it does not take very much intelligence to determine

13

that Appellant <u>is</u> able to pay his legitimate creditors under his Amended Debt Adjustment Plan, particularly if he could use part or all of the **stolen $28,500.00** for this purpose!" Reply Brief of Appellant at 5 (emphasis in original). As an attorney, Jones is of course aware that he must point to specific evidence in the record to support his contention that the bankruptcy court abused its discretion; it is not enough to merely reiterate points he made (or should have made) before the bankruptcy court.

In further support of the claim that he is, in fact, an individual with regular income, Jones says that he has a lifetime annuity income of approximately $20,000.00 per year. Brief of the Appellant at 28. However, the record on appeal lacks even a single reference to this annuity income and, again, Jones points to none. Facts regarding the stability and regularity of Jones's income should have been established at the July 6, 1994, hearing. Such facts cannot be raised for the first time on appeal.

Finally, Jones argues that he had a legitimate <u>expectancy</u> that he would secure regular and stable income at some time in the future:

14

> Appellant's unrefuted testimony is that he is in demand throughout New England as a professor of law and management, because of his combined J.D. and Ph.D degrees. He is licensed to practice law in several jurisdictions, and indeed was developing a law practice in Massachusetts at the time the court below granted Appellees Noonan and Hurley the retroactive relief from Automatic Stay which they requested to enable them to "evict" Appellant therefrom. Throughout the vast majority of Appellant's professional career, spanning two (2) decades, his gross annual income has been at about the $100,000.00 level. (Since 1992, it has fallen somewhat, which Appellant attributes to "blacklisting" on the part of the University of Pittsburgh, and/or its legal team).

Brief of the Appellant at 28. While Jones may legitimately expect to obtain full-time employment at some future date, such an expectancy obviously cannot fund a Chapter 13 plan. Like the funds Jones claims are owed to him by the University of Pittsburgh, there is no guarantee that he will actually secure a stable and regular income sufficient to fund his plan in the immediate future. See, Order of the Bankruptcy Court at 6. Accordingly, the court finds that the bankruptcy court did not abuse its discretion in holding that Jones was not an individual with regular income.

Based upon all of the circumstances surrounding the filing of Jones's Chapter 13 petition, the bankruptcy court properly concluded that Jones's case should be dismissed. The record

15

presented to this court on appeal amply supports the bankruptcy court's findings and establishes its proper exercise of discretion.

D.   Dismissal, Without Prejudice, of Jones's Adversary Proceedings.

Whether to retain jurisdiction over an adversary proceeding when the underlying bankruptcy petition has been dismissed is a matter committed to the sound discretion of the bankruptcy court. In re Morris, 950 F.2d 1531, 1534 (11th Cir. 1992).  As a general rule, "the dismissal of a bankruptcy case should result in the dismissal of `related proceedings' because the court's jurisdiction of the latter depends, in the first instance, upon the nexus between the underlying bankruptcy case and the related proceedings."  In re Smith, 866 F.2d 576, 580 (3rd Cir. 1989). Typically, bankruptcy courts follow this rule and dismiss related proceedings once the underlying bankruptcy case has been dismissed.  In re Tim Wargo & Sons, Inc., 107 B.R. 626 (Bankr.E.D.Ark. 1989) (citing several cases).

In unusual circumstances, bankruptcy courts have exercised discretion to retain jurisdiction over related proceedings, despite having dismissed the underlying bankruptcy petition.

Factors considered when determining whether to retain such jurisdiction include: (1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty surrounding the legal issues raised in the related matters. In re Smith, 866 F.2d at 580-81.

Here, the bankruptcy court did not abuse its discretion in declining to exercise jurisdiction over Jones's adversary proceedings. In light of his history of litigiousness (at least some of which the bankruptcy court suggests has been frivolous and vexatious) and because Jones's Chapter 13 petition was properly dismissed for cause, it was not an abuse of discretion for the bankruptcy court to also dismiss his adversary proceedings without prejudice. See, e.g., In re Tim Wargo & Sons, Inc., 107 B.R. at 627 ("The bankruptcy court has found that the debtor has repeatedly abused the system. To retain jurisdiction over a `related proceeding' . . . would be ludicrous.").

The remaining issues raised on appeal are without merit and lack support in the record. With regard to his attack on the bankruptcy court's order granting retroactive relief from the

17

automatic stay to one of his creditors, this court has already ruled.  That issue was fully addressed in an earlier order and need not be revisited beyond reaffirming its content.

## Conclusion

For the foregoing reasons, the court holds that the bankruptcy court did not abuse its discretion in dismissing Jones's Chapter 13 petition and the related adversary proceedings, without prejudice.  Accordingly, the bankruptcy court order of September 1, 1994, is affirmed in all respects.

The Motion to Strike Brief submitted by Appellees Sterling and Ali Miller, the Motion to Dismiss Appeal (document no. 3) submitted by Appellee Donald Hurley, the consolidated Motions for Continuation of Automatic Stay (documents nos. 5 and 6) submitted by Jones, and the Motion to Vacate Relief from Automatic Stay (document no. 8) submitted by Jones are denied as moot.

SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

May 10, 1995

cc:  W. Thomas McGough, Esq.
     Thomas M. Bachman, Esq.
     Nancy H. Michels, Esq.
     David J. Rogers, Esq.
     Robert E. Murphy, Jr., Esq.
     Mary M. Howie, Esq.
     George Vannah
     Geraldine L. Karonis
     Lawrence P. Sumski
     David Jones