Beaton v. Manley, et al.          CV-03-009-M     05/12/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Deborah Jean Beaton,
      Plaintiff

      v.                                    Civil No. 03-009-M
                                            Opinion No. 2003 DNH 074
M. Kathleen Manley,
Dennis Pearson, and
Vincent Illuzzi,
      Defendants


                          **O R D E R**


      This case arises from a pending criminal prosecution in

Vermont.  Plaintiff Deborah Jean Beaton asserts that: (1) Judges

M. Kathleen Manley and Dennis Pearson violated her constitutional

rights by presiding over her case without first being lawfully

commissioned and filing oaths of allegiance to the Vermont

Constitution; and (2) State's Attorney Vincent Illuzzi violated

her constitutional rights by prosecuting the case against her

without first filing an oath of allegiance.  Before the court are

motions to dismiss filed by Judges Manley and Pearson (document

no. 2) and by State's Attorney Illuzzi (document no. 4).

Plaintiff objects.  For the reasons given below, this case shall

be transferred to the United States District Court for the District of Vermont.

The following facts are drawn from plaintiff's pro se complaint, liberally construed. See Donovan v. Maine, 276 F.3d 87, 94 (1st Cir. 2002) ("pro se pleadings are to be liberally construed") (citing Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991)). State's Attorney Illuzzi is currently prosecuting Beaton for attempted unlawful trespass in state court. Judges Manley and Pearson have presided over her case. Neither Judge possesses a valid judicial commission, as required by the Vermont Constitution. Neither the two judges nor Illuzzi have "take[n], subscribe[d] and file[d] into the public record the official oath of allegiance to the Constitution of Vermont." (Compl. ¶ 2.)

Defendants move to dismiss on grounds of: (1) lack of personal jurisdiction, FED. R. CIV. P. 12(b)(2); (2) improper venue, FED. R. CIV. P. 12(b)(3); (3) failure to state a claim on which relief could be granted, FED. R. CIV. P. 12(b)(6); and (4) application of the Younger abstention doctrine. Because venue is

2

not proper, and because improper venue is dispositive, the court need not reach defendants' other grounds.

The applicable federal venue statute provides, in pertinent part:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). In addition, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Finally, it is plaintiff's burden to demonstrate that venue is proper in the district in which she brings suit. Ferrofluidics Corp. v. Advanced Vacuum Components, Inc., 789 F. Supp. 1201, 1206 (D.N.H. 1992) (citing Lex Computer & Mgmt. Corp. v. Eslinger

& Pelton, P.C., 676 F. Supp. 399, 406 (D.N.H. 1987); 15 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3826 (Supp. 1992); Delta Educ., Inc. v. Langlois, 719 F. Supp. 42, 49 (D.N.H. 1989)). Beaton has failed to establish that venue is proper in this forum.

All three defendants are residents of Vermont. (Illuzzi Aff. ¶ 2; Manley Aff. ¶ 2; Pearson Aff. ¶ 2). Thus, venue in the District of New Hampshire may not be grounded on 28 U.S.C. § 1391(a)(1), which points, instead, toward the District of Vermont. The events or omissions giving rise to plaintiff's claims – namely the procedures under which defendants took their respective public offices – all occurred in Vermont. Thus, venue in New Hampshire may not be grounded on 28 U.S.C. § 1391(a)(2), which also points toward Vermont. And because venue in the District of Vermont is proper under both §§ 1391(a)(1) and 1391(a)(2), venue in the District of New Hampshire may not be grounded on 28 U.S.C. § 1391(a)(3).

Because venue is not proper in the District of New Hampshire, plaintiff's claim is dismissed, without prejudice to

4

plaintiff's refiling in the District of Vermont, or some other appropriate district, as plaintiff deems advisable. 28 U.S.C. § 1406(a). Accordingly, Judges Manley and Pearson's motion to dismiss (document no. 2) and State's Attorney Illuzzi's motion to dismiss (document no. 4) are both granted. The Clerk of Court shall enter judgment in accordance with this order and close the case.

      **SO ORDERED.**

                                      _____
                                      Steven J. McAuliffe
                                      United States District Judge

May 12, 2003

cc:  Deborah Jean Beaton
     William Edward Whittington, IV, Esq.
     Daniel J. Mullen, Esq.
     David R. Groff, Esq.