# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 22, 2021

Lyle W. Cayce
Clerk

No. 20-50519
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

AMANDA GALE MANGIAPANE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-193-1

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

In 2013, Amanda Gale Mangiapane pleaded guilty to receipt of a firearm by a person under indictment, in violation of 18 U.S.C. § 922(n). She was sentenced to five-years' probation in lieu of imprisonment. The Government moved to revoke Mangiapane's probation in 2017, alleging she:

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50519

tested positive for cocaine; failed to appear for her drug screening; and failed to notify her probation officer of a change in her residence. The district court revoked her probation and sentenced her to, *inter alia*, six-months' imprisonment and 24-months' supervised release. In May 2020, Mangiapane's probation officer petitioned the district court to revoke supervised release, because Mangiapane admitted to violating the terms of her supervised release by drinking alcohol. The court revoked supervised release and sentenced her to, *inter alia*, 18-months' imprisonment (the revocation sentence), an upward departure from the Sentencing Guidelines range of four to ten-months' imprisonment.

Mangiapane challenges the substantive reasonableness of her revocation sentence, asserting the court relied on improper factors in determining the sentence: her original sentence of probation and her drug-and-alcohol addictions. She also asserts: the court violated the Fifth Amendment's Due Process and Double Jeopardy clauses by basing the revocation sentence on her past probationary sentence; and it erred by predicating its upward departure on her repeated use of alcohol and controlled substances.

Although Mangiapane did not object in district court to her revocation sentence, her substantive-reasonableness challenge is "reviewed for abuse of discretion rather than plain error because [s]he sought a lower sentence than what the court ultimately imposed". *United States v. Cuddington*, 812 F. App'x 241, 242 n.1 (5th Cir. 2020); *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020) (holding defendant properly preserved a claim that his "sentence was unreasonably long by advocating for a shorter sentence and thereby arguing, in effect, that this shorter sentence would have proved 'sufficient,' while a [longer sentence] would be 'greater than necessary' to 'comply with' the statutory purposes of punishment") (quoting 18 U.S.C. § 3553(a)).

Concerning the substantive reasonableness of the revocation sentence, the court relied on appropriate § 3553(a) factors in determining an 18-month sentence was warranted.  It addressed:  the nature and circumstances of Mangiapane's violation; her history and characteristics; and the need to deter her from future criminal activity and provide her with needed correctional treatment.  *See* 18 U.S.C. §§ 3553(a) and 3583(e)(3); *see United States v. Warren*, 720 F.3d 321, 332–33 (5th Cir. 2013).  Along that line, the court did not abuse its discretion by considering Mangiapane's history of alcohol-and-drug abuse, as the "nature and circumstances" of her violation involved alcohol use, and her "history and characteristics" indicated she would continue to violate her supervised-release conditions by using alcohol or drugs.  18 U.S.C. § 3553(a)(1).  Further, the court did not abuse its discretion by considering her original, lenient sentence (5-years' probation where the Guidelines sentencing range was 12 to 18-months' imprisonment) in imposing the revocation sentence, because her original sentence of probation was a downward departure from the applicable Guidelines sentencing range.  *See* U.S.S.G. § 7B1.4, cmt. n.4 ("Where the original sentence was the result of a downward departure . . . an upward departure may be warranted.").

As Mangiapane concedes, she did not raise the Fifth Amendment and basing-a-departure-on-drug-dependence-and-alcoholism issues in district court.  Because they were not preserved, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, she must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected her substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she makes that showing, we have discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation

of judicial proceedings". *Id.* For the following reasons, the court did not commit the requisite clear or obvious error for either issue.

Regarding one of the two Fifth Amendment challenges, we have repeatedly held: "Post-revocation sanctions are not a separate penalty for purposes of the Double Jeopardy clause—they are part of the penalty for the original offense". *United States v. Jackson*, 559 F.3d 368, 371 (5th Cir. 2009). Moreover, Mangiapane does not cite the above-described requisite precedent for her claims that her revocation sentence violated the Due Process or Double Jeopardy clause. *See United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007) ("An error is considered plain . . . only if the error is clear under existing law.") (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)).

For her final claim—concerning basing an upward departure from the Guidelines on her drug dependence and alcoholism—Mangiapane cites *United States v. Lopez*: the "[G]uidelines admonish that drug dependence is not ordinarily relevant in determining whether a departure is warranted". 875 F.2d 1124, 1127 (5th Cir. 1989) (citing U.S.S.G. § 5H1.4). But the court did not base its upward-departure decision on Mangiapane's drug dependence or alcoholism. As it stated, it "depart[ed] because of the repeated noncompliance with the terms of supervision [and] . . . her tendency towards recidivism", *i.e.*, because, after violating the conditions of supervision during her probationary term, she twice violated the terms of her supervised release by drinking alcohol or using drugs. The court properly explained its reasons for imposing an upward departure, *see* 18 U.S.C. § 3553(c), and did not commit plain error by basing the departure on Mangiapane's repeatedly violating the terms of supervision and her tendency towards recidivism, *see United States v. Allison*, 447 F.3d 402, 407 (5th Cir. 2006) ("A court does not abuse its discretion in deciding to depart upward when its reasons for doing so advance the objectives in 18 U.S.C.

No. 20-50519

§ 3553(a)(2), are authorized by § 3553(b), and are justified by the facts of the case."); *see also United States v. Groessel*, No. 94-50253, 1994 WL 652474, at *2 (5th Cir. 1 Nov. 1994) (affirming the district court's imposing an "upward departure . . . based upon [defendant's] repeated violations of the conditions of his supervised release").

AFFIRMED.